George A. Zelcs *(pro hac vice)*
  gzelcs@koreintillery.com
Robert E. Litan *(pro hac vice)*
  rlitan@koreintillery.com
Randall P. Ewing, Jr. *(pro hac vice)*
  rewing@koreintillery.com
Jonathon D. Byrer *(pro hac vice)*
  jbyrer@koreintillery.com
**KOREIN TILLERY, LLC**
205 North Michigan, Suite 1950
Chicago, IL  60601
Telephone: (312) 641-9750
Facsimile: (312) 641-9751

Karma M. Giulianelli, CA Bar #184175
  karma.giulianelli@bartlitbeck.com
Glen E. Summers, CA Bar # 176402
  glen.summers@bartlitbeck.com
Jameson R. Jones *(pro hac vice)*
  Jameson.jones@bartlitbeck.com
**BARTLIT BECK LLP**
1801 Wewetta St. Suite 1200,
Denver, Colorado 80202
Telephone: (303) 592-3100
Facsimile:  (303) 592-3140

Stephen M. Tillery *(pro hac vice)*
  stillery@koreintillery.com
Jamie Boyer *(pro hac vice)*
  jboyer@koreintillery.com
Michael E. Klenov, CA Bar #277028
  mklenov@koreintillery.com
Carol O'Keefe *(pro hac vice)*
  cokeefe@koreintillery.com
**KOREIN TILLERY, LLC**
505 North 7th Street, Suite 3600
St. Louis, MO  63101
Telephone: (314) 241-4844
Facsimile: (314) 241-3525
*Attorneys for Plaintiffs and the Proposed
Class in Carr v. Google, LLC, et al.*

PEGGY J. WEDGWORTH *(pro hac vice)*
  pwedgworth@milberg.com
**MILBERG PHILLIPS GROSSMAN LLP**
One Penn Plaza, Suite 1920
New York, New York 10119
Telephone: 212-594-5300
Facsimile: 212-868-1229

*Counsel for Plaintiffs and the Proposed Class in
Bentley v. Google LLC, et al.*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION**

| | |
|---|---|
| CARR, *et al.*; <br><br> vs. <br><br> GOOGLE LLC <br><br> *Consolidated With:* <br><br> BENTLEY, *et al.*; <br><br> vs. <br><br> GOOGLE, LLC <br><br> Related Actions: <br> *Epic Games, Inc. v. Google, LLC*; 3:20-CV-05671-JD <br> *Pure Sweat Basketball, Inc. v. Google, LLC*; 3:20-CV-05792-JD <br> *Peekya App. Serv., Inc. v. Google LLC, et al.*; 3:20-CV-06772-JD | 3:20-cv-05761-JD <br><br><br> 4:20-cv-07079-JD <br><br><br> **MOTION TO APPOINT INTERIM CLASS COUNSEL** <br> Date:      December 3, 2020 <br> Time:      10:00 a.m. <br> Courtroom: Via Zoom <br> Judge:      Hon. James Donato |

1

## NOTICE OF MOTION

2      TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD: PLEASE TAKE NOTICE

3 that on December 3, 2020, at 10:00 a.m., in the courtroom of the Hon. James Donato of the United

4 States District Court of the Northern District of California, San Francisco Division, located at 450

5 Golden Gate Avenue, San Francisco, CA 94102, or via Zoom platform as circumstances require,

6 Plaintiffs will and hereby do move the Court pursuant to Federal Rule of Civil Procedure 23(g)(3) for

7 an order appointing the law firms of Bartlit Beck LLP and Korein Tillery LLC co-lead interim class

8 counsel, with the firm of Milberg Phillips Grossman LLP serving as Discovery Liaison and the firm

9 of Pritzker Levine, LLP serving as local Liaison counsel, for the consolidated proposed consumer

10 class in *Carr, et al. v. Google, LLC, et al.*, 3:20-CV-05761-JD, and *Bentley, et al. v. Google, LLC, et*

11 *al.,* 4:20-CV-07079-JD, as well as any subsequently filed consumer class action. This Motion is based

12 on this notice, the accompanying memorandum of law, the attached declarations and the Proposed

13 Order lodged herewith.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## TABLE OF CONTENTS

NOTICE OF MOTION………………………………………………………………………2

TABLE OF CONTENTS……………………………………………………………………3

TABLE OF AUTHORITIES…………………………………………………………………4

INTRODUCTION…………………………………………………………………………5

FACTUAL AND PROCEDURAL BACKGROUND………………………………………....5

ARGUMENT AND AUTHORITY…………………………………………………..........7

I.      GUIDELINES FOR APPOINTMENT OF LEAD INTERIM
        COUNSEL……………………………………………………………………7

II.    KOREIN TILLERY AND BARTLIT BECK HAVE THE EXPERTISE,
        EXPERIENCE AND RESOURCES TO REPRESENT
        THE CONSUMER CLASS………………………………………………....8

        A.    Korein Tillery and Bartlit Beck Identified and Investigated
             the Consumer Case……………………………………………………8

        B.    Korein Tillery and Bartlit Beck Possess Extensive Expertise
             & Experience in Class Actions and Antitrust Matters………………….......8

             1.    Bartlit Beck………………………………………………8

             2.    Korein Tillery………………………………………….................13

        C.    Milberg, as Discovery Liaison, and Pritzker Levine,
             as Local Liaison Counsel, Will Provide Complex Case
             Discovery Experience and Local Expertise………………………………17

             1.    Milberg……………………………………………………...17

             2.    Pritzker Levine………………………………………………19

III.   THE MOVING FIRMS HAVE THE NECESSARY RESOURCES
        TO PROPERLY REPRESENT THE CONSUMER CLASS………………………20

CONCLUSION……………………………………………………………………..20

1

## <u>TABLE OF AUTHORITIES</u>

2

**Cases**

3    *In re Seagate Technology LLC Litigation*, 2016 WL 3401989 (N.D. Cal. 6/21/16)…………………7

4    *Levitte v. Google, Inc.*, 2009 WL 482252 (N.D. Cal. 2/25/09)…………………………………………7

5

6    **Rules**

7    Federal Rule of Civil Procedure 23(g) (2020)……………………………………………………7, 8, 20

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**INTRODUCTION**

Pursuant to Federal Rule of Civil Procedure 23(g)(3), Plaintiffs in *Carr. v. Google, LLC*, 3:20-CV-05761-JD ("*Carr*"), *Bentley v. Google, LLC,* 4:20-CV-07079-JD ("*Bentley*"), and *Carroll v. Google, LLC*, 3:20-CV-07379-SK ("*Carroll*"), respectfully request that Bartlit Beck, LLP ("Bartlit Beck") and Korein Tillery, LLC ("Korein Tillery") be appointed as co-lead interim class counsel for these matters and any subsequently filed putative consumer class action related to them, with Milberg Phillips Grossman LLP ("Milberg") serving as Discovery Liaison and Pritzker Levine, LLP ("Pritzker Levine") serving as local Liaison Counsel (collectively the "Moving Firms").

Bartlit Beck and Korein Tillery filed *Carr* on August 18, 2020. Milberg filed *Bentley* on October 9, 2020, and Pritzker Levine filed *Carroll* on October 21, 2020. These cases are putative class actions filed on behalf of consumers who purchased an Android app through the Google Play Store or made an in-app purchase from such an app (hereinafter the "Consumer Class"). These cases allege that Google abuses its monopoly power over the Android app distribution market and the Android in-app purchase market, resulting in an anticompetitive 30% tax on all in-app purchases.

The Moving Firms have a deep reservoir of experience in class actions, high stakes antitrust cases and practice before this Court. Bartlit Beck and Korein Tillery are nationally recognized for outstanding advocacy and results. Milberg and Pritzker Levine are highly skilled in complex discovery and local practice. The Moving Firms will deploy their collective resources efficiently and effectively, representing the Consumer Class with the highest degree of excellence.

**FACTUAL AND PROCEDURAL BACKGROUND**

Google controls the only commercially available operating system—the Android OS—that original equipment manufacturers ("OEM") can license for their devices. The Android OS is enhanced through apps, which are pre-loaded on Android devices or downloaded through platforms like Google Play Store. When Android users purchase or subscribe to an app or make an in-app purchase, those transactions are processed through payment platforms like Google Play Billing.

Google monopolizes the Android app distribution and in-app payment markets and unlawfully maintains that monopoly through: (1) conditioning an Android OEM's license to use Google apps on

1    an agreement to pre-install and prominently display the Google Play Store icon; (2) requiring app

2    developers distributing products through the Google Play Store to process all in-app purchases

3    through Google Play Billing where a supracompetitive 30% charge is levied; (3) prohibiting app

4    developers using the Google Play Store from offering an app allowing downloads from other

5    platforms; (4) conditioning advertisement through Google on an agreement to exclusively distribute

6    apps through the Google Play Store; and (5) inhibiting consumers from downloading apps outside of

7    the Google Play Store.

8         The impact of Google's conduct cannot be overstated. The European Commission found that

9    over 90% of Android app downloads were processed through Google Play Store. By interposing itself

10   in every Play Store download and Play Billing transaction, Google collects not only its 30% tax, but

11   also an enormous amount of consumer information it uses to enhance its advertisement and app

12   development businesses. Google's behavior stifles competition, inhibits innovation and forces

13   consumers to pay anticompetitive overcharges. Accordingly, the Consumer Class seeks damages

14   under §§1-2 of the Sherman Antitrust Act and corresponding state laws.

15        *Carr* was filed by Bartlit Beck and Korein Tillery on August 18, 2020. (*Carr* Dkt. 1). Milberg

16   filed *Bentley* seven weeks later, on October 9, 2020. (*Bentley* Dkt. 1). These parties filed a

17   Consolidated Consumer Complaint on October 21, 2020, the same day that Pritzker Levine filed

18   *Carroll*. (*Carr* Dkt. 55; *Carroll* Dkt. 1). *Carr* and *Bentley*, along with the Developer Class actions

19   *Pure Sweat Basketball, Inc. v. Google, LLC*, 3:20-CV-05792-JD, and *Peekya App Services, Inc. v.*

20   *Google, LLC*, 3:20-CV-06772-JD, were related to *Epic Games, Inc. v. Google, LLC*, 3:20-CV05671-

21   JD (collectively the "Related Actions"). (*Epic* Dkt. 42, 46, 67 & 79). The Court ordered that discovery

22   in the Related Actions be coordinated to the fullest extent possible. To that end, counsel for the

23   Related Actions negotiated and submitted a Joint Proposed Scheduling Order, Joint Proposed

24   Discovery Coordination Order, Joint Proposed ESI Order and Proposed Protective Orders. (*Carr* Dkt.

25   56-59, respectively).

26        In addition to *Carroll*, two more consumer class actions were recently filed on October 20,

27   2020: *Herrera v. Google, LLC*, 5:20-CV-07365, and *McNamara v. Google, LLC*, 5:20-CV-07361

28

1   (collectively the "Tag Along Complaints"). Plaintiffs in those lawsuits, as well as *Carroll*, have

2   moved to relate them to the Related Actions. (*Epic* Dkt. 71-73). The Tag Along Complaints are

3   essentially identical to the Consolidated Consumer Complaint. Counsel for the Tag Along Complaints

4   did not participate in preparing the joint filings described above.

5        As these various lawsuits were filed, Korein Tillery spoke with counsel regarding

6   representation of the growing Consumer Class. (Ex. 1, Zelcs Decl. at ¶3-4). Korein Tillery and Bartlit

7   Beck were able to reach agreement with Milberg and Pritzker Levine regarding each firm's role in

8   the litigation. (*Id*. at ¶3). The Moving Firms were not able to reach any consensus with counsel for

9   *Herrera* or *McNamara* and anticipate those firms will contest this Motion. (*Id*. at ¶4).

10       Accordingly, the time is ripe for appointment of interim counsel. For the reasons that follow,

11  Bartlit Beck and Korein Tillery as co-leads, supported by Milberg as Discovery Liaison and Pritzker

12  Levine as Liaison Counsel, are best suited by expertise, experience and already-established

13  involvement in the Related Actions to represent the Consumer Class.

14                          **ARGUMENT AND AUTHORITY**

15  **I.      GUIDELINES FOR APPOINTMENT OF LEAD INTERIM COUNSEL**

16       "[T]he court may designate interim counsel to act on behalf of a putative class before

17  determining whether to certify the action as a class action." Fed. R. Civ. P. 23(g) (2020). Appointment

18  of interim counsel is particularly suited to complex actions "[i]f there are a number of overlapping,

19  duplicative, or competing suits pending in other courts, and some or all of those suits may be

20  consolidated, [and] a number of lawyers may compete for class counsel appointment." *In re Seagate*

21  *Technology LLC Litigation*, 2016 WL 3401989 at *2 (N.D. Cal. 6/21/16). Rule 23(g)(1) provides

22  guidance on factors relevant to the appointment of interim lead counsel: "(i) the work counsel has

23  done in identifying or [investigating] potential claims in the action; (ii) counsel's experience in

24  handling class actions, other complex litigation, and the types of claims asserted in the action; (iii)

25  counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to

26  representing the class." *Levitte v. Google, Inc.*, 2009 WL 482252 at *2 (N.D. Cal. 2/25/09) (internal

27  quotations omitted).

28

## II.     KOREIN TILLERY AND BARTLIT BECK HAVE THE EXPERTISE, EXPERIENCE AND RESOURCES TO REPRESENT THE CONSUMER CLASS.

### A.     Korein Tillery & Bartlit Beck Identified and Investigated the Consumer Case.

Korein Tillery and Bartlit Beck first began investigating challenges to Google's business practices in 2018.[1] When *Epic* revealed the full breadth of Google's restrictions on the Android app landscape, Korein Tillery and Bartlit Beck immediately recognized a potential action and filed the *Carr* complaint a mere three days later. (*Epic* Dkt. 1 & *Carr* Dkt. 1). *Carr* was filed over seven weeks before *Bentley*, the second-filed consumer class action, and over ten weeks before the Tag Along Complaints. As the first-filer, Korein Tillery and Bartlit Beck have coordinated and collaborated with counsel from Google and the Developer Class since the inception of these cases, including on key scheduling and discovery issues.

### B.     Korein Tillery & Bartlit Beck Possess Extensive Expertise & Experience in Class Actions and Antitrust Matters.

Both Bartlit Beck and Korein Tillery have significant class action experience and expertise in antitrust law, including trying antitrust cases to juries in venues throughout the United States. They more than satisfy the second and third factors analyzing counsel's experience and subject matter expertise. *See* Fed. R. Civ. P. 23(g)(1)(A)(ii-iii).

#### 1.     Bartlit Beck

Bartlit Beck is one of the nation's premier litigation firms, with a record of extraordinary success in high-stakes litigation. Benchmark Litigation recently named Bartlit Beck as the 2020 Trial Firm of the Year, and in 2019, the American Lawyer selected Bartlit Beck as a finalist for the National Specialty/Boutique Litigation Firm of the Year, an award the firm won in 2009. In 2018, a BTI survey of 350 in-house counsel identified Bartlit Beck as one of the nine "most feared" law firms in the United States, ranking the 77-lawyer firm amongst juggernauts such as Quinn Emanuel, Gibson Dunn and Kirkland & Ellis.[2]

---

[1] Those investigations generated two prior cases. *See Csupo, et al. v. Alphabet, Inc.*, 19CV352557 (Sup. Ct. Santa Clara Cty. 8/9/19) (challenging Google's improper consumption of cellular data); *Schneider, et al. v. YouTube, LLC, et al.*, 5:20-CV-04423 (N.D. Cal. 7/2/20) (involving copyright violations by Google-owned You Tube).
[2] *See* Ex. 2, Giulianelli Decl. at Ex. A - C.

Bartlit Beck is arguably the most selective firm in the nation when it comes to recruiting. Eleven of Bartlit Beck's 77 lawyers clerked for United States Supreme Court justices (that number was twelve, but one departed to clerk for Justice Barrett). 71% of Bartlit Beck's lawyers clerked for at least one Article III judge, with 62% serving judges of the United States Court of Appeals.

Few antitrust matters ever reach a jury, but Bartlit Beck's lawyers have tried multiple cases – including monopolization cases – in venues throughout the United States. Bartlit Beck's range of antitrust representations spans areas as diverse as internet commerce platforms, computer software and hardware, aircraft engines, pharmaceutical products, digital media, internet services, satellite systems, and a variety of traditional manufacturing and service industries. Bartlit Beck's antitrust experience includes the following representative matters:

*U.S. Airways v. Sabre*: Bartlit Beck defended Sabre in an antitrust action in the Southern District of New York brought by U.S. Airways and involving contractual provisions relating to its platform connecting travel suppliers with travelers. Following a two-month jury trial, Bartlit Beck won a defense verdict on one claim and the plaintiff received only nominal damages on the second claim, leaving U.S. Airways with only 1% of the originally claimed $1.4 billion in trebled damages. The Second Circuit subsequently vacated the liability finding and remanded the case for a new trial.

*RealNetworks Inc. v. Microsoft*: Bartlit Beck represented RealNetworks in an antitrust suit in the Northern District of California concerning digital media and operating system markets. Bartlit Beck obtained a $761 million settlement for RealNetworks.

*United States v. Microsoft*: Bartlit Beck attorneys served as Special Trial Counsel to the United States in antitrust enforcement action in D.D.C. against Microsoft and represented the Department of Justice in Tunney Act hearings.

*Chromalloy Gas Turbine v. United Technologies:* Bartlit Beck defended United Technologies in a suit brought by the world's largest independent engine-repair company for alleged monopolization of Pratt & Whitney jet engines. Chromalloy sought $600 million in trebled damages. After a four-month jury trial in Texas, the jury returned a verdict for Pratt & Whitney.

*Foreign Trade Corp. v. Otter Products*: Bartlit Beck defended OtterBox in the District of Colorado against antitrust, trade secret misappropriation, and Lanham Act violations. Plaintiffs sought approximately $100 million in damages. Bartlit Beck won dismissal of the antitrust claims, and the remaining claims were favorably settled immediately before trial.

*In re Domestic Drywall Antitrust Litigation*: Bartlit Beck represented USG in the Eastern District of Pennsylvania in a Sherman Act MDL alleging that the defendants conspired to fix, raise, maintain, and stabilize prices for gypsum drywall.

***In re Ciprofloxacin Hydrochloride Antitrust Litigation***: Bartlit Beck represented Bayer in nationwide class action antitrust litigation in the Eastern District of New York related to Bayer's settlement of Hatch-Waxman litigation by generic drug manufacturers.

***In re ODD (Optical Disk Drive Products) Antitrust Litigation***: Bartlit Beck represented Hewlett-Packard in connection with antitrust litigation in the Northern District of California against suppliers for price fixing in the market for Optical Disc Drives. Cases settled favorably.

***Sutrak v. Carrier***: Bartlit Beck represented Carrier in antitrust and patent infringement litigation in the District of Colorado. Won partial summary judgment, dismissing antitrust claims of monopoly leveraging, attempt, and monopolization. Jury verdict for Carrier in trial of patent and federal anti-dumping claims.

***Sound Solution v. Pratt & Whitney, et al.:*** Bartlit Beck represented Pratt & Whitney in an antitrust action in the Northern District of Illinois based on joint venture arrangements among Pratt, Boeing, and the maker of a noise-control device for the Pratt engines on Boeing's 737-200 airplane. The litigation resolved favorably on eve of trial.

***Barr Laboratories v. DuPont***: Bartlit Beck represented DuPont in antitrust litigation in D. Delaware and E.D. New York challenging DuPont's lobbying and marketing activities concerning the anticoagulant medication Coumadin®. The litigation resolved favorably.

Bartlit Beck also has extensive class action experience, much of it on the defense side, giving it unique insight here.[3]

The following attorneys will lead Bartlit Beck's team in this litigation:

***Karma Giulianelli:*** Karma Giulianelli joined Bartlit Beck in 1999, and has been a partner since 2001. Over nearly 25 years, Karma has gained a national reputation for her antitrust work. She was Adjunct Professor of Antitrust Law at the University of Colorado, was named one of Colorado's Top Women Lawyers and was voted the best antitrust lawyer in Colorado by her peers in 2019. After graduating from Stanford Law School *Order of the* Coif (top 10%) and *Magna Cum Laude*, she joined the DOJ's Antitrust Division, where she served on the trial team in the *United States v. Microsoft* case. Karma has presented to the California Bar Association, the New York Bar Association, and Harvard's Berkman Klein Center on trying antitrust cases in high tech markets.

Karma's antitrust trials include her defense of Sabre in a rule of reason case involving claims of monopoly power, detailed above. *See US Airways, Inc. v. Sabre Holdings Corp*, 105 F. Supp. 3d 265 (S.D.N.Y. 2015). This case is one of the only cases involving rule of reason claims of anticompetitive conduct in a two-sided market tried to a jury verdict in recent years.

---

[3] *See* Ex. 2, Giulianelli Decl. at Ex. E.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Karma has also tried other antitrust cases, including *United States v. Microsoft*. During 1998-99, she spent nearly a full year as part of the DOJ's core trial team against Microsoft. Karma was one of the key lawyers in the two year investigation leading up to the case, helping to craft the United States' claims against Microsoft.

Karma's antitrust experience on the plaintiff side includes representing Hewlett Packard in multiple cases involving fixed prices for flat panel LCDs and Optical Disk Drives, collectively resulting in well over $100 million in settlements, and representing Micron in its case against Rambus for anticompetitive behavior in standard setting groups.

Karma also represents clients in high stakes class action cases. She defended Sabre in a putative class action brought by airline ticket purchasers alleging a conspiracy to set contractual terms. After dismissing 100% of plaintiffs' claimed damages, the court denied class certification. Karma also represented Tyco International Ltd. in multiple securities and ERISA class actions arising out of the fraud committed by its former CEO Dennis Kozlowski and CFO Mark Schwartz, and Tycom Ltd. in a class action in which plaintiffs sought over $1 billion in damages in connection with its Initial Public Offering.

***Glen Summers:*** Glen Summers is an accomplished first chair trial lawyer with a national reputation for trying high stakes matters of all types, and several big wins to his credit. As described by a client in the Legal 500, "Glen Summers is a superior legal strategist and tactician with impeccable judgment and instincts. He inspires client confidence and has a commanding court room presence. A go-to first-chair trial lawyer with the bona fides, instincts, judgment and work ethic to back it up." In 2014, Chambers USA recognized Glen as a leading business litigator, and a "phenomenal trial attorney." He has tried cases in the federal and state courts of California, Colorado, Delaware, Florida, Kansas, Missouri, and Texas, and has acted as lead counsel in numerous arbitrations and mediations.

In addition to his trial practice, Glen regularly handles significant appellate matters. He has argued appeals to the U.S. Courts of Appeals for the Federal Circuit, the Fifth, Ninth, and Tenth Circuits, as well as the Colorado Supreme Court and the California Court of Appeal. Glen's antitrust experience includes *Micron v. Rambus* and *Barr Laboratories v. DuPont* (*In re Warfarin Sodium Antitrust Litigation*). In 2019, he first chaired two significant trials involving ownership and control of oil and gas companies valued at over $1 billion, securing a complete victory in a jury trial involving

legal claims and a related bench trial involving equitable claims. Earlier in his career, Glen was a key member of the winning trial team in *Bush v. Gore.*[4]

Glen has been with Bartlit Beck since 1997, and has been a partner since 1999. From 1996 to 1997, Glen clerked for U.S. Supreme Court Justice Antonin Scalia. Before that he clerked for Hon. J. Clifford Wallace, then-Chief Judge of the U.S. Court of Appeals for the Ninth Circuit.

*Chris Lind:* Chris Lind is one of Bartlit Beck's most accomplished trial lawyers and a Fellow of the prestigious American College of Trial Lawyers. Chris was identified earlier in his career as one of the 10 "Rising Stars of the Trial Bar" by Chicago Lawyer and has been featured in articles such as Law360's "Trial Pros" for his first chair trial experience. Chris regularly cross-examines a wide range of skilled witnesses, which have included Nobel Prize winning economists, top executives of major corporations, a former FBI director, a former federal judge, and foremost experts on subjects ranging from antitrust policy to jet engine technology.

Chris is nationally recognized for his ability to try antitrust cases with exposures upwards of $1 billion. In 2016, Chris first-chaired Sabre's defense in a jury trial in the Southern District of New York involving Sabre's electronic platform for selling airline tickets, and he also first-chaired Sabre's defense in a monopolization case brought by U.S. Air in Texas state court, which settled during trial. In 2001, Chris was appointed as Special Trial Counsel to the United States in a DOJ antitrust enforcement action against Microsoft. Before joining Bartlit Beck, he clerked for Judge Raymond Randolph on the United States Court of Appeals for the District of Columbia Circuit and graduated first in his class from Northwestern Pritzker School of Law.[5]

*Jameson Jones:* Jameson Jones is a highly talented trial and appellate lawyer, representing clients in all stages of high stakes litigation. He has a diverse practice, representing clients in complex disputes involving antitrust, commercial issues, products liability, mass torts, and intellectual property. Among other accomplishments, Jameson developed a new theory for standing to sue under the Lanham Act, and briefed, argued, and obtained a unanimous favorable decision before the United States Supreme Court in *Lexmark International v. Static Control Component*s, 572 U.S. 118 (2014). Jameson also briefed and argued an appeal on behalf of NL Industries, obtaining a substantial

---

[4] *See* Ex. 2, Giulianelli Decl. at Ex. F-I.

[5] *See* Ex. 2. Giulianelli Decl. at Ex. J-L.

reduction in what had been a $1.15 billion public nuisance judgment related to lead paint. *People v. ConAgra Grocery Prods.*, 17 Cal. App.5th 51, 105-06 (2017). Before joining Bartlit Beck in 2009, Jameson clerked for Justice Antonin Scalia of the United States Supreme Court and Judge Jeffrey S. Sutton of the Sixth Circuit Court of Appeals. Jameson was elected partner at Bartlit Beck in 2013.

### 2.   Korein Tillery

Korein Tillery is one of the country's leading and most successful plaintiffs' complex-litigation firms, representing a broad array of clients in high-stakes lawsuits and delivering over $18 billion in verdicts and settlements over the last 14 years. The National Law Journal ("NLJ") has consistently recognized Korein Tillery as one of the country's top plaintiffs' firms, naming it to its "Plaintiffs' Hot List" seven times in the past 15 years. In 2014 and 2015, Korein Tillery was named by the NLJ as a member of its top 50 Elite Trial Lawyers. The firm routinely represents clients ranging from individuals and certified classes to governmental entities and billion-dollar, multi-national corporations. Having taken hundreds of cases to trial, Korein Tillery is prepared to go the distance in high-stakes, complex litigation. The firm has been appointed as class counsel in more than fifty class actions and has successfully negotiated some of the country's largest settlements in class actions and complex litigation, including[6]:

*National Credit Union Administration Residential Mortgage-Backed Securities Litigation:* Korein Tillery represented the National Credit Union Administration ("NCUA"), the credit-union equivalent of the FDIC, in its efforts to recover billions in losses suffered by credit unions during the residential mortgage-backed securities ("RMBS") crisis. Acting as lead counsel in over 18 separate lawsuits, Korein Tillery has recovered over $5 billion dollars and negotiated some of the largest RMBS settlements to-date.

*Parker v. Sears Roebuck & Co.*: Korein Tillery negotiated a settlement valued at $544.5 million for purchasers of defective stoves. As part of the settlement, anti-tip safety brackets were installed on stoves nationwide. Public Citizen touted the settlement as an example of how consumer protection lawsuits benefit society and nominated Stephen Tillery as "Trial Lawyer of the Year."

*Sparks v. AT&T:* Korein Tillery represented a nationwide class of over 20 million consumers against AT&T and Lucent, alleging they deceptively leased telephone sets. After seven years of hard-fought litigation, the parties settled for $350 million, with $300 million paid to class members and $50 million paid to charities.

---

[6] *See* Ex. 1, Zelcs Decl. at Ex. A-D.

**Cooper v. IBM Personal Pension Plan:** Korein Tillery represented a class of IBM retirees who argued that IBM's pension plan violated ERISA's prohibition against age discrimination. The firm won summary judgment on liability, allowing Korein Tillery to negotiate a $324 million settlement on behalf of the class, one of the largest ERISA-related settlements on record.

**University City, Missouri v. Verizon, et al.:** Korein Tillery represented 240 Missouri municipalities who alleged various telephone companies did not pay business-license taxes. While the litigation was pending, the defendants lobbied the Missouri legislature to pass a law eliminating the litigation and preventing future cases. Korein Tillery successfully moved to have the laws declared unconstitutional by the Missouri Supreme Court, a victory that paved the way for a $148 million settlement that included the municipalities' right collect back taxes and pursue future actions.[7]

Korein Tillery also has experience in antitrust matters, including:

**In re: Foreign Exchange Benchmark Rates Antitrust Litigation**: Korein Tillery, working with co-counsel, developed and filed a class action on behalf of individuals who entered into foreign exchange transactions in over-the-counter exchanges and/or on exchanges with dealers, alleging violations of the Sherman Antitrust Act and Commodity Exchange Act. After almost 6 years of work, $2.3 billion in court-approved settlements were reached with 15 of the 16 defendants, constituting one of the largest antitrust class action recoveries in history. Mediator Kenneth Feinberg concluded this settlement "represent[ed] some of the finest lawyering toward a negotiated resolution that I have witnessed in my career," and described Korein Tillery and its co-counsel as "superlative, sophisticated, and determined plaintiffs' lawyers."

**In re GSE Bonds Antitrust Litig.**: Korein Tillery, along with co-counsel, alleged antitrust violations arising from coordinated price-fixing in the secondary market for bonds issued by the government-sponsored entities Federal National Mortgage Association, Federal Home Loan Mortgage Corporation, Federal Farm Credit Banks, and Federal Home Loan Banks ("GSE Bonds"). After an initial settlement with Deutsche Bank Securities Inc. provided direct evidence of price coordination in the secondary market for GSE Bonds, Plaintiffs defeated two motions to dismiss and reached a settlement with all remaining defendants, including First Tennessee Bank, N.A., FTN Financial Securities Corp., Goldman Sachs & Co. LLC, Barclays Capital Inc., BNP Paribas Securities Corp., Cantor Fitzgerald & Co., Citigroup Global Markets Inc., Credit Suisse Securities (USA) LLC, HSBC Securities (USA) Inc., J. P. Morgan Securities LLC, Merrill Lynch, Pierce, Fenner & Smith Inc., Morgan Stanley & Co., LLC, Nomura Securities International, Inc., SG Americas Securities LLC, TD Securities (USA) LLC, and UBS Securities LLC. The combined settlement provided $386.5 million to class members and was approved by the court on June 18, 2020.

**Sullivan v. DB Investments, Inc.:** Korein Tillery represented a nationwide class of diamond purchasers in an antitrust case against the country's largest diamond distributor. That case was

---

[7] *See also Folkerts v. Illinois Bell Tel. Co.*, 95-L-912 (Ill. Cir. Ct. July 7, 1998) ($252 million); *Berger v. Xerox Corp. Ret. Income Guar. Plan*, 2004 WL 287902, 32 Employee Benefits Cas. 1362 (S.D. Ill. Jan. 22, 2004) ($240 million); *Malloy v. Ameritech*, 98-488-GPM (S.D. Ill. July 21, 2000) ($180 million); *In Re: MCI Non-Subscriber Tel. Rates Litig.*, MDL 1275 (S.D. Ill. Apr. 19, 2001) ($99 million); and *Dunn v. BOC Group Pension Plan*, 01-CV-382-DRH (S.D. Ill. Mar. 12, 2004) ($70 million).

consolidated with others in the Eastern District of Pennsylvania and Korein Tillery was appointed co-lead counsel.  In that role, the firm helped negotiate injunctive relief and a nationwide settlement that created a $323 million fund to compensate diamond purchasers.

The following attorneys will serve as Korein Tillery's key trial team on this litigation:

**Robert Litan:** Robert Litan is a nationally renowned attorney and economist with nearly four decades of experience litigating cases, conducting economic research, crafting economic policy, and leading public and private organizations. After graduating from Yale Law School, Robert litigated antitrust, administrative, and international-trade cases in Washington D.C., first with Arnold & Porter and then with Powell, Goldstein, Frazer & Murphy. In 1993, he was appointed Principal Deputy Assistant Attorney General in the DOJ Antitrust Division, where he oversaw civil, non-merger antitrust litigation. In that role, Robert settled the Department's lawsuit against the Ivy League and MIT for conspiring to fix financial aid awards; oversaw the Department's first investigation into Microsoft's anticompetitive practices that led to Microsoft's entry of a Consent Decree; oversaw the early stages of the Department's investigation of NASDAQ for fixing dealer spreads; and was the Department's liaison to the Clinton administration's working group on telecommunications policy.

In 1995, Robert was appointed Associate Director of the Office of Management and Budget and was later a consultant to the Department of Treasury on financial modernization and the effectiveness of the Community Reinvestment Act. In the early 1990s, Robert served as a Member of the Presidential-Congressional Commission on the Causes of the Savings and Loan Crisis.

Robert serves on the advisory board of the American Antitrust Institute. He is the author or co-author of 30 books and the editor of 14 others, and has written over 200 articles in journals and national newspapers.

**Jamie Boyer:** Jamie Boyer is a seasoned first-chair trial lawyer with complex litigation experience in federal and state courts nationwide. Her work has garnered accolades, including Benchmark Magazine's selection as a "Top Litigator Under 40" and member of the "Under 40 Hot List." She has also received a Women's Justice Award from Missouri Lawyers Weekly and was named a "Rising Star" in Missouri and Kansas Super Lawyers. Jamie was a Fellow to the Leadership Council on Legal Diversity and was President of the St. Louis Women Lawyers' Association.

1   Jamie's trial experience encompasses several multi-week trials, including constitutional

2  challenges to public school funding statutes across the country. She has a proven track record of

3  success, achieving complete jury trial wins in matters ranging from a wrongful death products liability

4  suit to a $50 million bad faith insurance claim.

5   In 2019, Jamie secured a temporary restraining order to keep Planned Parenthood of the St.

6  Louis Region open when state regulators refused to renew the organization's operating license.

7  Arguing the state did not properly apply its licensing and inspection statutes, Jamie ensured the

8  facility remained open until the Missouri Administrative Hearing Commission could evaluate the

9  state's decision, which it overturned in May 2020.

10   Jamie is a 2003 graduate of the University of Illinois College of Law, where she received

11  multiple trial advocacy awards. She has also served as Board President of Voices for Children, an

12  organization providing advocates for children in foster care, and is currently a member of the Missouri

13  Advisory Board for the Department of Youth Services.

14   **Carol O'Keefe:** Carol O'Keefe is a partner whose story of returning to the legal profession is

15  recounted in the national bestseller, "*That's What She Said: What Men and Women Need to Know*

16  *About Working Together,*" by former USA Today Editor in Chief, Joanne Lipman. Carol joined

17  Korein Tillery as a practicing attorney in 2017, where she focuses on complex litigation, including

18  representing antitrust plaintiffs in foreign exchange, commodity futures, and digital economy class

19  actions. Carol has significant trial experience and has represented a wide variety of entities throughout

20  her career including corporations, physicians, municipalities, school districts, prisoners, and religious

21  corporations.

22   Carol received her B.A. from Yale College *summa cum laude* in 1983 after three years of

23  study, and she received her J.D. from Harvard Law School *cum laude* in 1986. Carol served as a

24  judicial law clerk for Judge Michael A. Telesca of the U.S. District Court for the Western District of

25  New York. Until 2008, Carol was an associate at Harter Secrest & Emery LLP, where she focused on

26  complex litigation, including antitrust, securities, employment discrimination, and civil rights. After

27  taking time off from the practice of law to focus on raising her four children, Carol was an Adjunct

28

Lecturer at the State University of New York at Brockport from 2012-2015, where she designed and taught courses in modern constitutional law and education law. After returning to the practice of law in 2017, Carol quickly rose to partnership at Korein Tillery.

*George Zelcs:* George Zelcs focuses his practice on complex commercial litigation including securities, antitrust, consumer fraud, qui tam/whistleblower, and pharmaceutical litigation in state and federal courts. George has conducted bench and jury trials throughout the United States, including *Price, et al vs. Philip Morris USA, Inc.*, No. 001-0112 (Third Judicial Circuit, Illinois), a consumer fraud class action that resulted in a $10.1 billion dollar judgment. He frequently serves as lead counsel in complex, multi-party litigations. Most recently, he represented NCUA in RMBS litigation that resulted in over $5 billion in recoveries. He also played an instrumental role in developing and litigating *In re: Foreign Exchange Benchmark Rates Antitrust Litigation.*

George completed his undergraduate degree at Indiana University in 1976 and received his law degree at Chicago-Kent College of Law. He serves on the Chicago-Kent Board of Overseers and as a Trustee for the Chicago-Kent Institute on the Supreme Court of the United States. He has testified, at the invitation of the New York State Assembly, regarding financial guaranty insurance and representations and warranties made by mortgage originators in mortgage-backed securities.

**C.    Milberg, as Discovery Liaison, and Pritzker Levine, as Local Liaison Counsel, Will Provide Complex Case Discovery Experience and Local Expertise.**

**1.    Milberg**

In addition to the co-lead appointments of Korein Tillery and Bartlit Beck, the Consumer Class also seeks appointment of Peggy J. Wedgworth of Milberg as Discovery Liaison Counsel. Peggy, who chairs her firm's Antitrust Practice Group, is well-qualified for this role given her experience in other antitrust cases and class actions. Milberg enjoys a long history of working collaboratively with other firms to achieve favorable results, and its Antitrust Practice Group routinely prosecutes large, complex antitrust and trade regulation class actions. Peggy has a wealth of discovery experience in complex antitrust cases, including:

*In re Dealer Management Systems Antitrust Litig.:* Ms. Wedgworth and Milberg are Interim Lead Counsel for a nationwide class of auto dealerships in an action alleging that leading software providers conspired to monopolize access to sales and service data software used by auto dealerships.

***In re Hard Disk Drive Suspension Assemblies Antitrust Litig.:*** Ms. Wedgworth is a discovery point person for end user plaintiffs in this antitrust class action alleging that the two largest manufacturers of hard disk drive suspension assemblies illegally conspired to fix prices.

***In re Initial Public Offering Securities Litig.:*** Ms. Wedgworth served as one of three partners at Lovell Stewart who led the firm's litigation on behalf of plaintiffs in one of the largest federal securities litigations in history. The matter involved the coordination of 309 separate class actions, hundreds of defendants, including 55 investment banks, and millions of pages of electronic records. Ms. Wedgworth was personally responsible for prosecuting certain investment bank defendants, and led a team working directly with experts throughout the litigation, which included conducting numerous depositions. After approximately ten years of litigation, the case settled for $586 million.[8]

A member of the New York State Bar Association's Antitrust Committee, Peggy has served as both a speaker and panelist and served twice on the advisory board of Competition Law360. She is a member of the American Association of Justice and a current trustee of the Pound Institute. Peggy has been recognized as a New York Metro "Super Lawyer" from 2016 to the present, with a primary practice in Antitrust, and was also recommended in the Legal 500 in the United States for 2016. She was also recently published in *Trial* magazine.[9]

Members of Milberg's Antitrust Practice Group will assist Peggy, including Elizabeth McKenna, a partner with over twenty years' experience as a litigator in anticompetitive and unfair business practices class actions.[10] Milberg's familiarity with the scope and demands of discovery in complex class actions and antitrust matters will ensure that discovery in this case is expertly handled

---

[8] *See also In re Cathode Ray Tube (CRT) Antitrust Litig.*, 07-cv-5944 (N.D. Cal.) (depositions/trial preparation); *Church & Dwight Co., Inc. v. Mayer Laboratories, Inc.*, C-10-04429 (N.D. Cal.) (oversaw discovery); *In re NASDAQ Market-Makers Antitrust Litig.*, 187 F.R.D. 465 (S.D.N.Y.) (investigated and drafted claims and discovery); *Blessing v. Sirius XM Radio, Inc.*, 09-cv-10035 (S.D.N.Y.) (discovery, summary judgment and trial matters); *In re Microsoft Litig.*, MDL 1332 (D. Md.) (conducted depositions); *In re Sumitomo Copper Litig.*, 74 F. Supp. 2d 393, 395 (S.D.N.Y) (conducted depositions and substantial discovery in Hong Kong and Tokyo); and *In re Natural Gas Commodities Litig.*, 03-cv-6186 (S.D.N.Y.) (discovery).

[9] *See* Ex. 3, Wedgworth Decl. at ¶ 9-14. *See also Challenging "Attorneys' Eyes Only" and Improper Categorical Privilege Logs*, Trial magazine, December 2019.

[10] *See* Ex. 3, Wedgworth Decl. at ¶15. *See, e.g., In re Fresh & Process Potatoes Antitrust Litig.*, 10-md-2186 (D. Idaho); *In re Processed Egg Products Antitrust Litig.*, 2:08-md-2002 (E.D. Pa.); *Blessing v. Sirius XM Radio Inc.*, 09-cv-10035 (S.D.N.Y.); *In re Cathode Ray Tube (CRT) Antitrust Litig.*, 07-cv-5944 (N.D. Ca.); and *In re Liquid Aluminum Sulfate Antitrust Litig.*, 16-md-2687 (D.N.J.)

1  by a centralized team, an approach that will eliminate redundancies in the drafting, review and

2  execution of written and deposition discovery.

3          **2.**        **Pritzker Levine**

4          Finally, the Moving Firms request that Elizabeth C. Pritzker be appointed as Liaison Counsel.

5  Pritzker Levine's highly accomplished attorneys are frequently recognized as "Top Attorneys,"

6  "Super Lawyers" or "Rising Stars" for their work in courtrooms, mediations and arbitrations.

7  Elizabeth is a co-founding partner of Pritzker Levine, where she has prosecuted cases against

8  monopolists, price-fixing cartels, big tech, major manufacturers, pharmaceutical companies, and the

9  NCAA. Elizabeth heads the firm's antitrust practice and is an experienced trial attorney. She is

10  intimately familiar with practice in the Northern District of California, serving in leadership,

11  executive committee and liaison counsel roles in antitrust and class action cases before the Court. Her

12  experience includes the following matters in the Northern District of California:

13          *In re National Collegiate Athletic Association Grant-In-Aid Cap Antitrust Litigation*: As

14  Additional Class Counsel, Elizabeth represents college athletes in an antitrust class-action lawsuit against the NCAA and the Pac-12, Big Ten, Big-12, SEC and ACC, claiming that these entities agreed

15  to unlawfully cap the value of athletic scholarships. Nationwide classes seeking injunctive relief have been certified, and a $208 million settlement received final court approval in 2017. The injunctive

16  relief case was tried, successfully, in 2018 and affirmed by the Ninth Circuit in May 2020.

17          *Staley v. Gilead Sciences*: Pritzker Levine represents plaintiffs and putative class members in

18  a class action against drug manufacturer Gilead and others, for knowingly colluding to raise the price of anti-HIV drugs, and wrongfully raising the price of treatment for one million people living with

19  HIV. The case is pending before Judge Edward Chen.

20          *Il Forniao (America) Corp. v. Lazzari Fuel Company, LLC*:  Elizabeth served as Class

21  Counsel representing a class of direct purchasers in an antitrust class action alleging price-fixing among sellers of restaurant grade mesquite charcoal.  The class was certified by Judge William Alsup,

22  who subsequently granted final approval to a class settlement representing 85% of antitrust damages.

23          *In re Lithium Ion Rechargeable Batteries Antitrust Litigation*: Pritzker Levine served on Plaintiffs' Steering Committee, representing direct purchasers in a multi-district antitrust class action

24  against the major manufacturers of lithium ion rechargeable batteries. Judge Yvonne Gonzalez Rogers granted final approval to a direct purchaser class settlement of over $70 million.

25

26          *In re Transpacific Passenger Air Transportation Antitrust Litigation*: Elizabeth, as a member of Plaintiffs' Executive Committee, represented a class of consumers and direct purchasers

27  in a multi-district class action alleging fuel surcharge price-fixing by airlines in the transpacific

28

passenger airline market. Plaintiffs secured settlements of almost $160 million. The case is pending before Judge Charles Breyer.

*In re TFT-LCD (Flat Panel) Antitrust Litigation*: Elizabeth served as Liaison Counsel for a certified class of direct purchaser plaintiffs in a multi-district antitrust class action alleging price-fixing by foreign and domestic manufacturers of Thin Film Transistor Liquid Crystal Display products. The direct purchaser case resulted in class settlements of $473 million, and an $87 million jury verdict before trebling, one of the largest antitrust MDL actions in the United States. The case was litigated and tried to verdict before Judge Susan Illston.

Elizabeth will provide invaluable insight to the Consumer Class regarding class action practice generally and antitrust practice specifically in the Northern District of California. Her guidance will ensure that the Consumer Class is well-versed in the requirements and customs of the Court so that this case may proceed at maximum efficiency and effectiveness.

## III.   THE MOVING FIRMS HAVE THE NECESSARY RESOURCES TO PROPERLY PROTECT PLAINTIFFS' INTERESTS.

The Moving Firms are well-versed in what it takes to prosecute complex, large scale class actions and antitrust cases and have the resources to do so. They are fully prepared to commit the resources necessary to represent the class. *See* Fed. R. Civ. P. 23(g)(1)(A)(iv). Moreover, the Moving Firms are well-aware of the Court's expectations regarding efficiency, economy and accountability. To that end, the Moving Firms pledge to adhere to the guidelines for interim counsel outlined in prior orders by this Court, including but not limited to: (1) contemporaneous timekeeping in tenth of an hour increments, memorialized in monthly bills reviewed and maintained by lead counsel; (2) detailed task billing; (3) efficient and appropriate use of attorneys during all aspects of the case, with an eye to avoiding duplicative work and/or overstaffing; and (4) economical travel expenses.

## CONCLUSION

When Korein Tillery and Bartlit Beck's deep reservoir of experience in class action and antitrust matters is combined with Milberg's discovery expertise and Pritzker Levine's local insight, the result is an interim class team with the subject matter knowledge, complex litigation experience and court-specific expertise to provide outstanding advocacy on behalf of the Consumer Class. We respectfully request the Court enter an Order appointing Korein Tillery and Bartlit Beck as co-lead interim counsel, Milberg as Discovery Liaison and Pritzker as Liaison Counsel. A Proposed Order is attached hereto as Exhibit 4.

Dated: October 28, 2020          s/ Jamie L. Boyer

George A. Zelcs *(pro hac vice)*
Robert E. Litan *(pro hac vice)*
Randall P. Ewing *(pro hac vice)*
Jonathon D. Byrer *(pro hac vice)*
KOREIN TILLERY LLC
205 North Michigan Avenue, Suite 1950
Chicago, IL 60601
Telephone:  (312) 641-9750
Facsimile:  (312) 641-9751

Stephen M. Tillery *(pro hac vice)*
Jamie L. Boyer *(pro hac vice)*
Michael E. Klenov, CA Bar #277028
Carol L. O'Keefe *(pro hac vice)*
KOREIN TILLERY LLC
505 North 7th Street, Suite 3600
St. Louis, MO 63101
Telephone: (314) 241-4844
Facsimile:  (314) 241-3525

Karma M. Giulianelli, CA Bar #184175
Glen E. Summers, CA Bar # 176402
Jameson R. Jones *(pro hac vice)*
BARTLIT BECK LLP
1801 Wewetta St. Suite 1200,
Denver, Colorado 80202
Telephone: (303) 592-3100
Facsimile:  (303) 592-3140

By: */s/ Peggy J. Wedgworth*
**MILBERG PHILLIPS GROSSMAN LLP**
Peggy J. Wedgworth *(pro hac vice)*
Robert A. Wallner *(pro hac vice)*
Elizabeth McKenna *(pro hac vice)*
Blake Yagman *(pro hac vice)*
Michael Acciavatti *(pro hac vice)*
pwedgworth@milberg.com
rwallner@milberg.com
emckenna@milberg.com
byagman@milberg.com
macciavatti@milberg.com
One Penn Plaza, Suite 1920
New York, New York 10119
Telephone: 212-594-5300
Facsimile: 212-868-1229
*Counsel for Plaintiffs in Bentley v. Google
LLC, et al.*

1

## <u>CERTIFICATE OF SERVICE</u>

2

    The undersigned hereby certifies that on October 28, 2020, a true and correct copy of the foregoing document was served upon all counsel of record through the Court's electronic filing and notification system.

3

4
                                            /s/ Jamie L. Boyer

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28