# EXHIBIT G

An ALM Publication

THE AMERICAN LAWYER / THE AM LAW LITIGATION DAILY

# 2nd Circuit Wipes Out $15M in Damages Awarded in Airline-Booking Antitrust Case

The U.S. Court of Appeals for the Second Circuit on Wednesday ordered a new trial in the case, which accused Sabre Holdings Corp. of monopolization and unlawfully restricting trade under the Sherman Act.

By Tom McParland
September 11, 2019

A Manhattan-based federal appeals court has **wiped out** more than $15 million in damages awarded to American Airlines, as the successor-in-interest to US Airways, in an antitrust case against the provider of the country's largest network for booking airline flights.

The U.S. Court of Appeals for the Second Circuit on Wednesday ordered a new trial in the case, which accused Sabre Holdings Corp. of monopolization and unlawfully restricting trade under the Sherman Act.

A federal jury in the Southern District of New York in 2016 awarded American nearly $5.1 million on claims that Sabre had charged the air carrier anticompetitive prices to use its global distribution system to list tickets for flights, which is also the most-used platform for travel agents that book tickets on behalf of primarily corporate clients. The damages were automatically tripled under U.S. antitrust law.

But a three-judge panel of the appeals court ruled Wednesday that new precedent from the U.S. Supreme Court last June had changed the law



American Airlines Boeing 767-323(ER)

involving "two-sided transaction platforms," like the one at issue in American's lawsuit. According to the ruling, the high court held in the case *Ohio v. American Express* that juries in such cases must be instructed to consider to impact of prices on both sides of the platform.

However, the instructions given to the jury by the lower court only involved the harm to American, and did not include payments that travel agents made to travel agents as an incentive to use its service. Instead, the jury was asked to decide for itself whether Sabre's platform was one-sided or two-

sided, misleading jurors as to how it was supposed to decide the case, Senior Judge Robert D. Sack of the U.S. Court of Appeals for the Second Circuit wrote in a 59-page opinion.

The error, Sack said, likely confused the jury and ultimately skewed its conclusion on damages, requiring the case to be retried.

"In a case whose subject is a transaction platform like Sabre, the jury must be instructed to consider both sides of the platform being evaluated; the relevant market for such platforms must, as a matter of law, always include both sides," Sack wrote. "That is not a jury question."

Attorneys for American and Sabre did not immediately return calls Wednesday afternoon seeking comment on the ruling.

The long-running case, which was filed by US Airways in 2011, asserted four counts of antitrust violations dating back to 2008 by Sabre, which is one of only three companies that still offer GDS platforms. Former U.S. District Judge Miriam Goldman Cedarbaum for the Southern District of New York, who died in 2016, trimmed the monopolization and conspiracy claims from the suit and limited damages under the two remaining counts to those arising after 2011.

US Airways ceased to operate independently in 2015 when it was merged into American Airlines.

Wednesday's opinion affirmed Cedarbaum's ruling on damages, but did allow American to pursue the two other claims that had been jettisoned from the suit.

It also came with a note of praise for the lower court's handling of the case amid the shifting legal landscape, acknowledging that in retrospect those efforts those efforts may seem "plainly wasteful."

"Rarely is that more so than in this case in light of the extraordinary efforts of the district court seeking to navigate particularly vexing, shifting legal winds in the face of complex facts and a challenging jurisprudence," Sack wrote.

He was joined in the opinion by Judges Debra Ann Livingston and Denny Chin of the U.S. Court of Appeals for the Second Circuit.

American is represented by Anton Metlitsky, Andrew J. Frackman, David K. Lukmire and Yaira Dubin of O'Melveny & Myers in New York, Charles P. Diamond of the firm's Los Angeles office and Jason Zarrow in Washington, D.C.

Sabre is represented by Evan R. Chesler, Peter T. Barbur, Kevin J. Orsini and Rory A. Leraris of Cravath, Swaine & Moore in New York; Chris Lind of Bartlit Beck in Chicago; and George S. Cary of Cleary Gottlieb Steen & Hamilton in Washington, D.C.

The case is captioned *US Airways v. Sabre Holdings*.

Reprinted with permission from the AMLAW LITIGATION DAILY featured on September 11, 2019 © 2019 ALM Media Properties, LLC. All rights reserved.
Further duplication without permission is prohibited. For information, contact 877-257-3382 or reprints@alm.com. # 09122019-415936