George A. Zelcs (*pro hac vice*)
  gzelcs@koreintillery.com
Robert E. Litan (*pro hac vice*)
  rlitan@koreintillery.com
Randall P. Ewing, Jr. (*pro hac vice*)
  rewing@koreintillery.com
Jonathon D. Byrer (*pro hac vice*)
  jbyrer@koreintillery.com
**KOREIN TILLERY, LLC**
205 North Michigan, Suite 1950
Chicago, IL 60601
Telephone: (312) 641-9750
Facsimile: (312) 641-9751

Stephen M. Tillery (*pro hac vice*)
  stillery@koreintillery.com
Jamie Boyer (*pro hac vice*)
  jboyer@koreintillery.com
Michael E. Klenov, CA Bar #277028
  mklenov@koreintillery.com
Carol O'Keefe (*pro hac vice*)
  cokeefe@koreintillery.com
**KOREIN TILLERY, LLC**
505 North 7th Street, Suite 3600
St. Louis, MO 63101
Telephone: (314) 241-4844
Facsimile: (314) 241-3525

Karma M. Giulianelli, CA Bar #184175
  karma.giulianelli@bartlitbeck.com
Glen E. Summers, CA Bar # 176402
  glen.summers@bartlitbeck.com
Jameson R. Jones (*pro hac vice*)
  Jameson.jones@bartlitbeck.com
**BARTLIT BECK LLP**
1801 Wewetta St. Suite 1200,
Denver, Colorado 80202
Telephone: (303) 592-3100
Facsimile: (303) 592-3140
*Attorneys for Plaintiffs and the Proposed
Class in Carr v. Google, LLC, et al.*

Peggy J. Wedgworth (*pro hac vice*)
  pwedgworth@milberg.com
Robert A. Wallner (*pro hac vice*)
  rwallner@milberg.com
Elizabeth McKenna (*pro hac vice*)
  emckenna@milberg.com
Blake Yagman (*pro hac vice*)
  byagman@milberg.com
Michael Acciavatti (*pro hac vice*)
  macciavatti@milberg.com
**MILBERG PHILLIPS GROSSMAN LLP**
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Telephone: 212-594-5300
Facsimile: 212-868-1229
*Counsel for Plaintiffs and the Proposed Class
in Bentley v. Google LLC, et al.*

Elizabeth C. Pritzker, CA Bar#146267
  ecp@pritzkerlevine.com
Bethany Caracuzzo, CA Bar#190687
  bc@pritzkerlevine.com
Caroline Corbitt, CA Bar #305492
  ccc@pritzkerlevine.com
**PRITZKER LEVINE, LLP**
1900 Powell Street, Suite 450
Emeryville, CA 94608
Telephone: (415) 805-8532
Facsimile: (415) 366-6110
*Counsel for Plaintiffs and the Proposed Class
in Carroll v. Google, LLC, et al.*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION**

| | |
|---|---|
| *In re Google Play Consumer Antitrust Litigation* | |
| | CASE NO. 3:20-CV-05761 JD |
| | |
| *Related Actions:* | **PLAINTIFFS CARR, BENTLEY AND** |
| *Epic Games, Inc. v. Google, LLC*; 3:20-CV-05671-JD | **CARROLL'S MOTION FOR APPOINTMENT OF INTERIM LEAD** |
| *In re Google Play Developer Antitrust Litigation*, 3:20-CV-5792-JD | **COUNSEL** |
| | DATE:            December 31, 2020 |
| | TIME:            10 a.m. |
| | COURTROOM:   Via Zoom |
| | JUDGE:          Hon. Judge Donato |

## <u>NOTICE OF MOTION</u>

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD: PLEASE TAKE NOTICE that on December 31, 2020, at 10:00 a.m., in the courtroom of the Hon. James Donato of the United States District Court of the Northern District of California, San Francisco Division, located at 450 Golden Gate Avenue, San Francisco, CA 94102, or via Zoom platform as circumstances require, Plaintiffs Carr, Bentley and Carroll will and hereby do move the Court pursuant to Federal Rule of Civil Procedure 23(g)(3) for an order appointing the law firms of Bartlit Beck LLP and Korein Tillery LLC co-lead interim class counsel, with the firm of Milberg Phillips Grossman LLP serving as Discovery Liaison and the firm of Pritzker Levine, LLP serving as local Liaison counsel, for the consolidated consumer class in *Carr. v. Google, LLC*, *Bentley v. Google, LLC, Carroll v. Google, LLC, Herrera v. Google, LLC,* *McNamara v. Google, LLC*, and *Gamble v. Google, LLC,* as well as any subsequently filed consumer class action. This Motion is based on this notice, the accompanying memorandum of law, the attached declarations and the Proposed Order lodged herewith.

**TABLE OF CONTENTS**

NOTICE OF MOTION…………………………………………………………………2

TABLE OF CONTENTS………………………………………………………………3

TABLE OF AUTHORITIES……………………………………………………….…4

INTRODUCTION……………………………………………………………………5

FACTUAL AND PROCEDURAL BACKGROUND……………………………………...5

ARGUMENT AND AUTHORITY………………………………………………….......7

I.      GUIDELINES FOR APPOINTMENT OF LEAD INTERIM
        COUNSEL…………………………………………………………………...7

II.     KOREIN TILLERY AND BARTLIT BECK HAVE THE EXPERTISE,
        EXPERIENCE AND RESOURCES TO REPRESENT
        THE CONSUMER CLASS………………………………………………......8

        A.     Korein Tillery and Bartlit Beck Identified and Investigated
               the Consumer Case…………………………………………………8

        B.     Korein Tillery and Bartlit Beck Possess Extensive Expertise
               & Experience in Class Actions and Antitrust Matters………………………...9

               1.     Bartlit Beck…………………………………………………9

               2.     Korein Tillery…………………………………………...............13

        C.     Milberg, as Discovery Liaison, and Pritzker Levine,
               as Local Liaison Counsel, Will Provide Complex Case
               Discovery Experience and Local Expertise………………………………...17

               1.     Milberg…………………………………………………...17

               2.     Pritzker Levine…………………………………………...19

III.    THE MOVING FIRMS HAVE THE NECESSARY RESOURCES
        TO PROPERLY REPRESENT THE CONSUMER CLASS………………………20

CONCLUSION………………………………………………………………………...20

1

## TABLE OF AUTHORITIES

2 **Cases**

3 *In re Seagate Technology LLC Litigation*, 2016 WL 3401989 (N.D. Cal. 6/21/16)…………………7

4 *Levitte v. Google, Inc.*, 2009 WL 482252 (N.D. Cal. 2/25/09)……………………………………7

5

6 **Rules**

7 Federal Rule of Civil Procedure 23(g) (2020)…………………………………………………7, 8, 20

8 Judicial Panel on Multidistrict Litigation Rule 2.1(d)……………………………………..8, n.5

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**INTRODUCTION**

2   Pursuant to Federal Rule of Civil Procedure 23(g)(3), Plaintiffs in *Carr. v. Google, LLC*

3   (*"Carr"*), *Bentley v. Google, LLC* (*"Bentley"*), and *Carroll v. Google, LLC* ("*Carroll*"), respectfully

4   request that Bartlit Beck, LLP ("Bartlit Beck") and Korein Tillery, LLC ("Korein Tillery") be

5   appointed as co-lead interim class counsel for all matters consolidated into *In re Google Play*

6   *Consumer Antitrust Litigation* and any subsequently filed putative consumer class action, with

7   Milberg Phillips Grossman LLP ("Milberg") serving as Discovery Liaison and Pritzker Levine, LLP

8   ("Pritzker Levine") serving as local Liaison Counsel (collectively the "Moving Firms").

9   The consolidated cases are putative class actions filed on behalf of consumers who purchased

10  an Android app through Google Play Store or made an in-app purchase from such an app (hereinafter

11  the "Consumer Class"). These lawsuits allege that Google abuses its monopoly power over the

12  Android app distribution and Android in-app purchase markets, resulting in an anticompetitive 30%

13  tax on all in-app purchases. The cases seek damages under federal and state law.

14  The Moving Firms have a deep reservoir of experience in class actions, high-stakes antitrust

15  cases and practice before this Court. Bartlit Beck and Korein Tillery are nationally recognized for

16  outstanding advocacy and results. Milberg and Pritzker Levine are highly skilled in complex

17  discovery and local practice. The Moving Firms will deploy their collective resources efficiently and

18  effectively, representing the Consumer Class with the highest degree of excellence.

19

**FACTUAL AND PROCEDURAL BACKGROUND**

20  Google controls the only commercially available operating system—the Android OS—that

21  original equipment manufacturers ("OEM") can license for their devices. The Android OS is

22  enhanced through apps, which come pre-loaded on devices or are downloaded through platforms like

23  Google Play Store. When Android users purchase or subscribe to an app or make an in-app purchase,

24  those transactions are processed through payment platforms like Google Play Billing.

25  Google monopolizes the Android app distribution and in-app payment markets and unlawfully

26  maintains that monopoly through: (1) conditioning an Android OEM's license to use Google apps on

27  an agreement to pre-install and prominently display the Google Play Store icon; (2) requiring app

28

developers distributing products through the Google Play Store to process all in-app purchases through Google Play Billing where a supracompetitive 30% charge is levied; (3) prohibiting app developers using the Google Play Store from offering an app allowing downloads from other platforms; (4) conditioning advertisement through Google on an agreement to exclusively distribute apps through the Google Play Store; and (5) inhibiting consumers from downloading apps outside of the Google Play Store.

The impact of Google's conduct cannot be overstated. The European Commission found that over 90% of Android app downloads were processed through Google Play Store. By interposing itself in every Play Store and Play Billing transaction, Google collects its 30% tax, as well as consumer information used to enhance its advertisement and app development businesses. Google stifles competition, inhibits innovation and forces consumers to pay anticompetitive overcharges. Accordingly, the Consumer Class seeks damages under the Sherman Antitrust Act and state laws.

Bartlit Beck and Korein Tillery filed *Carr* on August 18, 2020, and Milberg filed *Bentley* on October 9, 2020. (*Carr* Dkt. 1; *Bentley* Dkt. 1). These parties filed a Consolidated Consumer Complaint on October 21, 2020, the same day Pritzker Levine filed *Carroll*. (*Carr* Dkt. 55; *Carroll* Dkt. 1). These actions, along with *Pure Sweat Basketball, Inc. v. Google, LLC*, and *Peekya App Services, Inc. v. Google, LLC*,[1] were related to *Epic Games, Inc. v. Google, LLC*. (*Epic* Dkt. 42, 46, 67, 79 & 83). Following a Court directive to coordinate discovery and scheduling, counsel negotiated and submitted a Joint Proposed Discovery Coordination Order, Joint Proposed ESI Order, Proposed Protective Orders and a Stipulated and Proposed Order Regarding Scheduling and Page Limits. (*Carr* Dkt. 56-59 & 71). The Court entered the ESI and Discovery Coordination Orders on November 11, 2020. (*Carr Dkt.* 72-73).

In addition to *Carroll*, four more consumer class actions have been filed in the Northern District of California: (1) *Herrera v. Google, LLC* (filed 10/20/20); (2) *McNamara v. Google, LLC* (filed 10/20/20); (3) *Roberts v. Google* (filed 11/5/20); and (4) *Gamble v. Google, LLC* (filed 11/12/20) (collectively the "Tag Along Complaints"). The Tag Along Complaints are essentially

---

[1] *Pure Sweat Basketball* and *Peekya App Services* are now consolidated into *In re Google Play Developer Antitrust Litigation,* 3:20-CV-05792-JD. (*Pure Sweat Basketball* Dkt. 72)

identical to the Consolidated Consumer Complaint. Counsel for the Tag Along Complaints did not participate in the scheduling and discovery filings described above. Pursuant to the Court's Order Regarding Consolidation ("Consolidation Order"), *Carr, Bentley, Carroll, Herrera, McNamara,* and *Gamble* are now consolidated into *In re Google Play Consumer Antitrust Litigation*, 3:20-CV-05761-JD, and are required to file a consolidated complaint by December 28, 2020. (*Carr* Dkt. 78 & 80).[2]

As the Tag Along Complaints were filed, the Moving Parties reached out to counsel regarding leadership of the growing Consumer Class. (Ex. 1, Zelcs Decl. at ¶2-6). Korein Tillery and Bartlit Beck reached agreement with Milberg and Pritzker Levine regarding each firm's role in the litigation. (*Id*. at ¶3). Negotiations with other counsel were not successful.[3] (*Id*. at ¶4-6).

## ARGUMENT AND AUTHORITY

## I.   GUIDELINES FOR APPOINTMENT OF LEAD INTERIM COUNSEL

"[T]he court may designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." Fed. R. Civ. P. 23(g) (2020). Appointment of interim counsel is particularly suited to complex actions "[i]f there are a number of overlapping, duplicative, or competing suits pending in other courts, and some or all of those suits may be

---

[2] A motion to relate *Roberts* is pending and the Moving Parties anticipate it will be granted, so *Roberts* is also included in the Tag Along Complaints. (*Epic* Dkt. 100).

[3] As Plaintiffs' Statement Regarding Consolidation of Consumer Class Action Complaints described, attempts to engage with counsel for *Herrera* and *McNamara* were met with delay tactics. (*Carr* Dkt. 77 at p. 3-4). After the Court granted the Moving Parties leave to file this Motion, counsel for the Tag Along Complaints requested a conference call to "coordinate lead counsel motions." (Ex. 1, Zelcs Decl. at ¶7). Tag Along counsel stated the earliest they could speak was November 25, November 27 or the following week. (*Id.*). The Moving Parties asked to speak on Monday, November 23 and received no response. (Ex. 2, Boyer Decl. at ¶5-6). Counsel again suggested a Monday call. (*Id.* at ¶6). Various attorneys responded they could not speak until Wednesday. (*Id.* at ¶7). As the primary discussion topic seemed to be a lead counsel motion briefing schedule, the Moving Parties explained they intended to file this Motion on November 23, but were open to further talks while that Motion was pending. (*Id.* at ¶8). No other party proposed an alternative briefing schedule. (*Id.* at ¶9). Instead, the suggestion was a call on November 25, *then* setting a briefing schedule. (*Id.*)

These delays are not justified by the Consolidation Order, which granted leave to file this Motion at will. (*Carr* Dkt. 78 at ¶9). If the parties subsequently negotiate a proposed leadership structure, this Motion will be withdrawn. Counsel in *Herrera* and *McNamara* had weeks to engage on consolidation and leadership. They stalled for time instead, thus necessitating the Statement and Consolidation Order. Their behavior demonstrates why interim class counsel is needed to move these cases forward and why the Moving Parties are the proper choice for that leadership.

consolidated, [and] a number of lawyers may compete for class counsel appointment." *In re Seagate Technology LLC Litigation*, 2016 WL 3401989 at *2 (N.D. Cal. 6/21/16). Rule 23(g)(1) provides guidance on factors relevant to the appointment of interim lead counsel: "(i) the work counsel has done in identifying or [investigating] potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class." *Levitte v. Google, Inc.*, 2009 WL 482252 at *2 (N.D. Cal. 2/25/09) (internal quotations omitted).[4]

## II.  KOREIN TILLERY AND BARTLIT BECK HAVE THE EXPERTISE, EXPERIENCE AND RESOURCES TO REPRESENT THE CONSUMER CLASS.

### A.  Korein Tillery & Bartlit Beck Identified and Investigated the Consumer Case.

Korein Tillery and Bartlit Beck first began investigating Google's business practices in 2018.[5] When *Epic* revealed the breadth of Google's restrictions on the Android app landscape, Korein Tillery and Bartlit Beck immediately recognized a potential action and filed *Carr* a mere three days later. (*Epic* Dkt. 1 & *Carr* Dkt. 1). *Carr* was filed over seven weeks before *Bentley*, the second-filed consumer class action, and months before the Tag Along Complaints. As the first-filer, Korein Tillery and Bartlit Beck have done the most to advance these cases. Since filing *Carr*, they have been largely responsible for all case management efforts on behalf of the Consumer Class. They coordinated and collaborated with counsel from Google and the Developer Class on scheduling and discovery issues, organized and streamlined this litigation and ensured it proceeds with efficiency.

---

[4] On October 30, 2020, a consumer class action was filed in the District Court for the District of Columbia, *Paige v. Google, LLC*, 1:20-CV-03158, and on November 5, 2020, *Paige* filed a Motion for Transfer and Consolidation of Related Actions Pursuant to 28 U.S.C. §1407 ("MDL Motion") which seeks consolidation and transfer of 10 allegedly related cases to the D.C. District Court. (*Carr* Dkt. 77). Any argument that appointment of lead counsel cannot occur while the MDL Motion is pending should be rejected. JPML Rule 2.1(d) makes clear "[t]he pendency of a motion… pursuant to 28 U.S.C. § 1407 does not affect or suspend orders and pretrial proceedings in any pending federal district court action and does not limit the pretrial jurisdiction of that court."

[5] Those investigations generated two cases. *See Csupo, et al. v. Alphabet, Inc.*, 19CV352557 (Sup. Ct. Santa Clara Cty. 8/9/19) (challenging Google's improper consumption of cellular data); *Schneider, et al. v. YouTube, LLC, et al.*, 5:20-CV-04423 (N.D. Cal. 7/2/20) (involving copyright violations by Google-owned You Tube).

**B.      Bartlit Beck & Korein Tillery Possess Extensive Expertise & Experience in Class Actions and Antitrust Matters.**

**1.      <u>Bartlit Beck</u>**

Bartlit Beck is one of the nation's premier litigation firms, with a record of extraordinary success in high-stakes litigation. Benchmark Litigation recently named Bartlit Beck as the 2020 Trial Firm of the Year, and in 2019, the American Lawyer selected Bartlit Beck as a finalist for the National Specialty/Boutique Litigation Firm of the Year, an award the firm won in 2009. In 2018, a BTI survey of 350 in-house counsel identified Bartlit Beck as one of the nine "most feared" law firms in the United States, ranking the 77-lawyer firm amongst juggernauts such as Quinn Emanuel, Gibson Dunn and Kirkland & Ellis.[6]

Bartlit Beck is arguably the most selective firm in the nation when it comes to recruiting. Eleven of Bartlit Beck's 77 lawyers clerked for United States Supreme Court justices (that number was twelve, but one departed to clerk for Justice Barrett). 71% of Bartlit Beck's lawyers clerked for at least one Article III judge, with 62% serving judges of the United States Court of Appeals.

Few antitrust matters ever reach a jury, but Bartlit Beck's lawyers have tried multiple cases – including monopolization cases – in venues throughout the United States. Bartlit Beck's antitrust representations span internet commerce platforms, computer software and hardware, aircraft engines, pharmaceutical products, digital media, internet services, satellite systems, and traditional manufacturing and service industries. Bartlit Beck's antitrust experience includes:

***U.S. Airways v. Sabre***: Bartlit Beck defended Sabre in an antitrust action in the Southern District of New York brought by U.S. Airways and involving contractual provisions relating to its platform connecting travel suppliers with travelers. Following a two-month jury trial, Bartlit Beck won a defense verdict on one claim and the plaintiff received only nominal damages on the second claim, leaving U.S. Airways with only 1% of the originally claimed $1.4 billion in trebled damages. The Second Circuit subsequently vacated the liability finding and remanded the case for a new trial.

***RealNetworks Inc. v. Microsoft***: Bartlit Beck represented RealNetworks in an antitrust suit in the Northern District of California concerning digital media and operating system markets. Bartlit Beck obtained a $761 million settlement for RealNetworks.

***United States v. Microsoft***: Bartlit Beck attorneys served as Special Trial Counsel to the United States in antitrust enforcement action in D.D.C. against Microsoft and represented the Department of Justice in Tunney Act hearings.

---

[6] *See* Ex. 3, Giulianelli Decl. at Ex. A - C.

*Chromalloy Gas Turbine v. United Technologies:* Bartlit Beck defended United Technologies in a suit brought by the world's largest independent engine-repair company for alleged monopolization of Pratt & Whitney jet engines. Chromalloy sought $600 million in trebled damages. After a four-month jury trial in Texas, the jury returned a verdict for Pratt & Whitney.

*Foreign Trade Corp. v. Otter Products*: Bartlit Beck defended OtterBox in the District of Colorado against antitrust, trade secret misappropriation, and Lanham Act violations. Plaintiffs sought approximately $100 million in damages. Bartlit Beck won dismissal of the antitrust claims, and the remaining claims were favorably settled immediately before trial.

*In re Domestic Drywall Antitrust Litigation*: Bartlit Beck represented USG in the Eastern District of Pennsylvania in a Sherman Act MDL alleging that the defendants conspired to fix, raise, maintain, and stabilize prices for gypsum drywall.

*In re Ciprofloxacin Hydrochloride Antitrust Litigation*: Bartlit Beck represented Bayer in nationwide class action antitrust litigation in the Eastern District of New York related to Bayer's settlement of Hatch-Waxman litigation by generic drug manufacturers.

*In re ODD (Optical Disk Drive Products) Antitrust Litigation*: Bartlit Beck represented Hewlett-Packard in connection with antitrust litigation in the Northern District of California against suppliers for price fixing in the market for Optical Disc Drives. Cases settled favorably.

*Sutrak v. Carrier*: Bartlit Beck represented Carrier in antitrust and patent infringement litigation in the District of Colorado. Won partial summary judgment, dismissing antitrust claims of monopoly leveraging, attempt, and monopolization. Jury verdict for Carrier in trial of patent and federal anti-dumping claims.

*Sound Solution v. Pratt & Whitney, et al.:* Bartlit Beck represented Pratt & Whitney in an antitrust action in the Northern District of Illinois based on joint venture arrangements among Pratt, Boeing, and the maker of a noise-control device for the Pratt engines on Boeing's 737-200 airplane. The litigation resolved favorably on eve of trial.

*Barr Laboratories v. DuPont*: Bartlit Beck represented DuPont in antitrust litigation in D. Delaware and E.D. New York challenging DuPont's lobbying and marketing activities concerning the anticoagulant medication Coumadin®. The litigation resolved favorably.

Bartlit Beck also has extensive class action experience, much of it on the defense side, giving it unique insight here.[7]

The following attorneys will lead Bartlit Beck's team in this litigation:

*Karma Giulianelli:* Karma Giulianelli joined Bartlit Beck in 1999, and has been a partner since 2001. Over nearly 25 years, Karma has gained a national reputation for her antitrust work. She was Adjunct Professor of Antitrust Law at the University of Colorado, was named one of Colorado's

---

[7] *See* Ex. 3, Giulianelli Decl. at Ex. E.

Top Women Lawyers and was voted the best antitrust lawyer in Colorado by her peers in 2019. After graduating from Stanford Law School *Order of the* Coif (top 10%) and *Magna Cum Laude*, she joined the DOJ's Antitrust Division, where she served on the trial team in the *United States v. Microsoft* case. Karma has presented to the California Bar Association, the New York Bar Association, and Harvard's Berkman Klein Center on trying antitrust cases in high tech markets.

Karma's antitrust trials include her defense of Sabre in a rule of reason case involving claims of monopoly power, detailed above. *See US Airways, Inc. v. Sabre Holdings Corp*, 105 F. Supp. 3d 265 (S.D.N.Y. 2015). This case is one of the only cases involving rule of reason claims of anticompetitive conduct in a two-sided market tried to a jury verdict in recent years.

Karma has also tried other antitrust cases, including *United States v. Microsoft*. During 1998-99, she spent nearly a full year as part of the DOJ's core trial team against Microsoft. Karma was one of the key lawyers in the two year investigation leading up to the case, helping to craft the United States' claims against Microsoft.

Karma's antitrust experience on the plaintiff side includes representing Hewlett Packard in multiple cases involving fixed prices for flat panel LCDs and Optical Disk Drives, collectively resulting in well over $100 million in settlements, and representing Micron in its case against Rambus for anticompetitive behavior in standard setting groups.

Karma also represents clients in high stakes class action cases. She defended Sabre in a putative class action brought by airline ticket purchasers alleging a conspiracy to set contractual terms. After dismissing 100% of plaintiffs' claimed damages, the court denied class certification. Karma also represented Tyco International Ltd. in multiple securities and ERISA class actions arising out of the fraud committed by its former CEO Dennis Kozlowski and CFO Mark Schwartz, and Tycom Ltd. in a class action in which plaintiffs sought over $1 billion in damages in connection with its Initial Public Offering.

**Glen Summers:** Glen Summers is an accomplished first chair trial lawyer with a national reputation for trying high stakes matters of all types, and several big wins to his credit. As described by a client in the Legal 500, "Glen Summers is a superior legal strategist and tactician with impeccable judgment and instincts. He inspires client confidence and has a commanding court room presence. A go-to first-chair trial lawyer with the bona fides, instincts, judgment and work ethic to back it up." In

2014, Chambers USA recognized Glen as a leading business litigator, and a "phenomenal trial attorney." He has tried cases in the federal and state courts of California, Colorado, Delaware, Florida, Kansas, Missouri, and Texas, and has acted as lead counsel in numerous arbitrations and mediations.

In addition to his trial practice, Glen regularly handles significant appellate matters. He has argued appeals to the U.S. Courts of Appeals for the Federal Circuit, the Fifth, Ninth, and Tenth Circuits, as well as the Colorado Supreme Court and the California Court of Appeal. Glen's antitrust experience includes *Micron v. Rambus* and *Barr Laboratories v. DuPont* (*In re Warfarin Sodium Antitrust Litigation*). In 2019, he first chaired two significant trials involving ownership and control of oil and gas companies valued at over $1 billion, securing a complete victory in a jury trial involving legal claims and a related bench trial involving equitable claims. Earlier in his career, Glen was a key member of the winning trial team in *Bush v. Gore*.[8]

Glen has been with Bartlit Beck since 1997, and has been a partner since 1999. From 1996 to 1997, Glen clerked for U.S. Supreme Court Justice Antonin Scalia. Before that he clerked for Hon. J. Clifford Wallace, then-Chief Judge of the U.S. Court of Appeals for the Ninth Circuit.

***Chris Lind****:* Chris Lind is one of Bartlit Beck's most accomplished trial lawyers and a Fellow of the prestigious American College of Trial Lawyers. Chris was identified earlier in his career as one of the 10 "Rising Stars of the Trial Bar" by Chicago Lawyer and has been featured in articles such as Law360's "Trial Pros" for his first chair trial experience. Chris regularly cross-examines a wide range of skilled witnesses, which have included Nobel Prize winning economists, top executives of major corporations, a former FBI director, a former federal judge, and foremost experts on subjects ranging from antitrust policy to jet engine technology.

Chris is nationally recognized for his ability to try antitrust cases with exposures upwards of $1 billion. In 2016, Chris first-chaired Sabre's defense in a jury trial in the Southern District of New York involving Sabre's electronic platform for selling airline tickets, and he also first-chaired Sabre's defense in a monopolization case brought by U.S. Air in Texas state court, which settled during trial. In 2001, Chris was appointed as Special Trial Counsel to the United States in a DOJ antitrust enforcement action against Microsoft. Before joining Bartlit Beck, he clerked for Judge Raymond

---

[8] *See* Ex. 3, Giulianelli Decl. at Ex. F-I.

Randolph on the United States Court of Appeals for the District of Columbia Circuit and graduated first in his class from Northwestern Pritzker School of Law.[9]

*Jameson Jones:* Jameson Jones is a highly talented trial and appellate lawyer, representing clients in all stages of high stakes litigation. He has a diverse practice, representing clients in complex disputes involving antitrust, commercial issues, products liability, mass torts, and intellectual property. Among other accomplishments, Jameson developed a new theory for standing to sue under the Lanham Act, and briefed, argued, and obtained a unanimous favorable decision before the United States Supreme Court in *Lexmark International v. Static Control Component*s, 572 U.S. 118 (2014). Jameson also briefed and argued an appeal on behalf of NL Industries, obtaining a substantial reduction in what had been a $1.15 billion public nuisance judgment related to lead paint. *People v. ConAgra Grocery Prods.*, 17 Cal. App.5th 51, 105-06 (2017). Before joining Bartlit Beck in 2009, Jameson clerked for Justice Antonin Scalia of the United States Supreme Court and Judge Jeffrey S. Sutton of the Sixth Circuit Court of Appeals. Jameson was elected partner at Bartlit Beck in 2013.

### 2. Korein Tillery

Korein Tillery is one of the country's leading and most successful plaintiffs' complex-litigation firms, representing a broad array of clients in high-stakes lawsuits and delivering over $18 billion in verdicts and settlements over the last 14 years. The National Law Journal ("NLJ") has consistently recognized Korein Tillery as one of the country's top plaintiffs' firms, naming it to its "Plaintiffs' Hot List" seven times in the past 15 years. In 2014 and 2015, Korein Tillery was named by the NLJ as a member of its top 50 Elite Trial Lawyers. The firm routinely represents classes, individuals, governmental entities and billion-dollar, multi-national corporations. Having taken hundreds of cases to trial, Korein Tillery can go the distance in high-stakes, complex litigation. The firm has been appointed as class counsel in more than fifty class actions and successfully negotiated some of the country's largest settlements in class actions and complex litigation, including[10]:

*National Credit Union Administration Residential Mortgage-Backed Securities Litigation:* Korein Tillery represented the National Credit Union Administration ("NCUA"), the credit-union equivalent of the FDIC, in its efforts to recover billions in losses suffered by credit unions during the residential mortgage-backed securities ("RMBS") crisis. Acting as lead counsel in over 18 separate

[9] *See* Ex. 3. Giulianelli Decl. at Ex. J-L.
[10] *See* Ex. 1, Zelcs Decl. at Ex. A-D.

lawsuits, Korein Tillery has recovered over $5 billion dollars and negotiated some of the largest RMBS settlements to-date.

*Parker v. Sears Roebuck & Co.*: Korein Tillery negotiated a settlement valued at $544.5 million for purchasers of defective stoves. As part of the settlement, anti-tip safety brackets were installed on stoves nationwide. Public Citizen touted the settlement as an example of how consumer protection lawsuits benefit society and nominated Stephen Tillery as "Trial Lawyer of the Year."

*Sparks v. AT&T:* Korein Tillery represented a nationwide class of over 20 million consumers against AT&T and Lucent, alleging they deceptively leased telephone sets. After seven years of hard-fought litigation, the parties settled for $350 million, with $300 million paid to class members and $50 million paid to charities.

*Cooper v. IBM Personal Pension Plan:* Korein Tillery represented a class of IBM retirees who argued that IBM's pension plan violated ERISA's prohibition against age discrimination. The firm won summary judgment on liability, allowing Korein Tillery to negotiate a $324 million settlement on behalf of the class, one of the largest ERISA-related settlements on record.

*University City, Missouri v. Verizon, et al.:* Korein Tillery represented 240 Missouri municipalities who alleged various telephone companies did not pay business-license taxes. While the litigation was pending, the defendants lobbied the Missouri legislature to pass a law eliminating the litigation and preventing future cases. Korein Tillery successfully moved to have the laws declared unconstitutional by the Missouri Supreme Court, a victory that paved the way for a $148 million settlement that included the municipalities' right collect back taxes and pursue future actions.[11]

Korein Tillery also has experience in antitrust matters, including:

*In re: Foreign Exchange Benchmark Rates Antitrust Litigation*: Korein Tillery, working with co-counsel, developed and filed a class action on behalf of individuals who entered into foreign exchange transactions in over-the-counter exchanges and/or on exchanges with dealers, alleging violations of the Sherman Antitrust Act and Commodity Exchange Act. After almost 6 years of work, $2.3 billion in court-approved settlements were reached with 15 of the 16 defendants, constituting one of the largest antitrust class action recoveries in history. Mediator Kenneth Feinberg concluded this settlement "represent[ed] some of the finest lawyering toward a negotiated resolution that I have witnessed in my career," and described Korein Tillery and its co-counsel as "superlative, sophisticated, and determined plaintiffs' lawyers."

*In re GSE Bonds Antitrust Litig.*: Korein Tillery, along with co-counsel, alleged antitrust violations arising from coordinated price-fixing in the secondary market for bonds issued by the government-sponsored entities Federal National Mortgage Association, Federal Home Loan Mortgage Corporation, Federal Farm Credit Banks, and Federal Home Loan Banks ("GSE Bonds").

---

[11] *See also Folkerts v. Illinois Bell Tel. Co.*, 95-L-912 (Ill. Cir. Ct. July 7, 1998) ($252 million); *Berger v. Xerox Corp. Ret. Income Guar. Plan*, 2004 WL 287902, 32 Employee Benefits Cas. 1362 (S.D. Ill. Jan. 22, 2004) ($240 million); *Malloy v. Ameritech*, 98-488-GPM (S.D. Ill. July 21, 2000) ($180 million); *In Re: MCI Non-Subscriber Tel. Rates Litig.*, MDL 1275 (S.D. Ill. Apr. 19, 2001) ($99 million); and *Dunn v. BOC Group Pension Plan*, 01-CV-382-DRH (S.D. Ill. Mar. 12, 2004) ($70 million).

1  Plaintiffs defeated two motions to dismiss and reached a settlement with all defendants, including

2  Deutsche Bank Securities Inc., First Tennessee Bank, N.A., FTN Financial Securities Corp.,
   Goldman Sachs & Co. LLC, Barclays Capital Inc., BNP Paribas Securities Corp., Cantor Fitzgerald

3  & Co., Citigroup Global Markets Inc., Credit Suisse Securities (USA) LLC, HSBC Securities
   (USA) Inc., J. P. Morgan Securities LLC, Merrill Lynch, Pierce, Fenner & Smith Inc., Morgan

4  Stanley & Co., LLC, Nomura Securities International, Inc., SG Americas Securities LLC, TD
   Securities (USA) LLC, and UBS Securities LLC.  The combined settlement provided $386.5

5  million to class members and was approved by the court on June 18, 2020.

6       ***Sullivan v. DB Investments, Inc.:*** Korein Tillery represented a nationwide class of diamond

7  purchasers in an antitrust case against the country's largest diamond distributor.  That case was
   consolidated with others in the Eastern District of Pennsylvania and Korein Tillery was appointed co-

8  lead counsel. In that role, the firm helped negotiate injunctive relief and a nationwide settlement that
   created a $323 million fund to compensate diamond purchasers.

9       The following attorneys will serve as Korein Tillery's key trial team on this litigation:

10      ***Robert Litan:*** Robert Litan is a nationally renowned attorney and economist with nearly four

11  decades of experience litigating cases, conducting economic research, crafting economic policy, and

12  leading public and private organizations. After graduating from Yale Law School, Robert litigated

13  antitrust, administrative, and international-trade cases in Washington D.C., first with Arnold & Porter

14  and then with Powell, Goldstein, Frazer & Murphy. In 1993, he was appointed Principal Deputy

15  Assistant Attorney General in the DOJ Antitrust Division, where he oversaw civil, non-merger

16  antitrust litigation. In that role, Robert settled the Department's lawsuit against the Ivy League and

17  MIT for conspiring to fix financial aid awards; oversaw the Department's first investigation into

18  Microsoft's anticompetitive practices that led to Microsoft's entry of a Consent Decree; oversaw the

19  early stages of the Department's investigation of NASDAQ for fixing dealer spreads; and was the

20  Department's liaison to the Clinton administration's working group on telecommunications policy.

21       In 1995, Robert was appointed Associate Director of the Office of Management and Budget

22  and was later a consultant to the Department of Treasury on financial modernization and the

23  effectiveness of the Community Reinvestment Act. In the early 1990s, Robert served as a Member of

24  the Presidential-Congressional Commission on the Causes of the Savings and Loan Crisis.

25       Robert serves on the advisory board of the American Antitrust Institute. He is the author or

26  co-author of 30 books and the editor of 14 others, and has written over 200 articles in journals and

27  national newspapers.

28

1   ***Jamie Boyer:*** Jamie Boyer is a seasoned first-chair trial lawyer with complex litigation
2   experience in federal and state courts nationwide. Her work has garnered accolades, including
3   Benchmark Magazine's selection as a "Top Litigator Under 40" and member of the "Under 40 Hot
4   List." She has also received a Women's Justice Award from Missouri Lawyers Weekly and was
5   named a "Rising Star" in Missouri and Kansas Super Lawyers. Jamie was a Fellow to the Leadership
6   Council on Legal Diversity and was President of the St. Louis Women Lawyers' Association.

7   Jamie's trial experience encompasses several multi-week trials, including constitutional
8   challenges to public school funding statutes across the country. She has a proven track record of
9   success, achieving complete jury trial wins in matters ranging from a wrongful death products liability
10   suit to a $50 million bad faith insurance claim.

11   In 2019, Jamie secured a temporary restraining order to keep Planned Parenthood of the St.
12   Louis Region open when state regulators refused to renew the organization's operating license.
13   Arguing the state did not properly apply its licensing and inspection statutes, Jamie ensured the
14   facility remained open until the Missouri Administrative Hearing Commission could evaluate the
15   state's decision, which it overturned in May 2020.

16   Jamie is a 2003 graduate of the University of Illinois College of Law, where she received
17   multiple trial advocacy awards. She has also served as Board President of Voices for Children, an
18   organization providing advocates for children in foster care, and is currently a member of the Missouri
19   Advisory Board for the Department of Youth Services.

20   ***Carol O'Keefe:*** Carol O'Keefe is a partner whose story of returning to the legal profession is
21   recounted in the national bestseller, "*That's What She Said: What Men and Women Need to Know*
22   *About Working Together,*" by former USA Today Editor in Chief, Joanne Lipman. Carol joined
23   Korein Tillery as a practicing attorney in 2017, where she focuses on complex litigation, including
24   representing antitrust plaintiffs in foreign exchange, commodity futures, and digital economy class
25   actions. Carol has significant trial experience and has represented a wide variety of entities throughout
26   her career including corporations, physicians, municipalities, school districts, prisoners, and religious
27   corporations.

28

Carol received her B.A. from Yale College *summa cum laude* in 1983 after three years of study, and she received her J.D. from Harvard Law School *cum laude* in 1986. Carol served as a judicial law clerk for Judge Michael A. Telesca of the U.S. District Court for the Western District of New York. Until 2008, Carol was an associate at Harter Secrest & Emery LLP, where she focused on complex litigation, including antitrust, securities, employment discrimination, and civil rights. After taking time off from the practice of law to focus on raising her four children, Carol was an Adjunct Lecturer at the State University of New York at Brockport from 2012-2015, where she designed and taught courses in modern constitutional law and education law. After returning to the practice of law in 2017, Carol quickly rose to partnership at Korein Tillery.

***George Zelcs:*** George Zelcs focuses his practice on complex commercial litigation including securities, antitrust, consumer fraud, qui tam/whistleblower, and pharmaceutical litigation in state and federal courts. George has conducted bench and jury trials throughout the United States, including *Price, et al vs. Philip Morris USA, Inc.*, No. 001-0112 (Third Judicial Circuit, Illinois), a consumer fraud class action that resulted in a $10.1 billion dollar judgment. He frequently serves as lead counsel in complex, multi-party litigations. Most recently, he represented NCUA in RMBS litigation that resulted in over $5 billion in recoveries. He also played an instrumental role in developing and litigating *In re: Foreign Exchange Benchmark Rates Antitrust Litigation*.

George completed his undergraduate degree at Indiana University in 1976 and received his law degree at Chicago-Kent College of Law. He serves on the Chicago-Kent Board of Overseers and as a Trustee for the Chicago-Kent Institute on the Supreme Court of the United States. He has testified before the New York State Assembly regarding financial guaranty insurance and representations and warranties made by mortgage originators in mortgage-backed securities.

### C. Milberg, as Discovery Liaison, and Pritzker Levine, as Local Liaison Counsel, Will Provide Complex Case Discovery Experience and Local Expertise.

#### 1. Milberg

The Moving Firms also seek appointment of Peggy J. Wedgworth of Milberg as Discovery Liaison Counsel. Peggy, who began her career in the Brooklyn District Attorney's Office, chairs her firm's Antitrust Practice Group, is well-qualified for this role given her experience in other antitrust

1    cases and class actions. Milberg enjoys a long history of working collaboratively with other firms to

2    achieve favorable results, and its Antitrust Practice Group routinely prosecutes large, complex

3    antitrust and trade regulation class actions. Peggy has a wealth of discovery experience in complex

4    antitrust cases, including:

5        *In re Dealer Management Systems Antitrust Litig.:* Ms. Wedgworth and Milberg are Interim
     Lead Counsel for a nationwide class of auto dealerships in an action alleging that leading software
6    providers conspired to monopolize access to sales and service data software used by auto dealerships.

7        *In re Hard Disk Drive Suspension Assemblies Antitrust Litig.:* Ms. Wedgworth is a
     discovery point person for end user plaintiffs in this antitrust class action alleging that the two largest
8    manufacturers of hard disk drive suspension assemblies illegally conspired to fix prices.

9        *In re Initial Public Offering Securities Litig.:* Ms. Wedgworth served as one of three partners
10   at Lovell Stewart who led the firm's litigation on behalf of plaintiffs in one of the largest federal
     securities litigations in history. The matter involved the coordination of 309 separate class actions,
11   hundreds of defendants, including 55 investment banks, and millions of pages of electronic records.
     Ms. Wedgworth was personally responsible for prosecuting certain investment bank defendants, and
12   led a team working directly with experts throughout the litigation, which included conducting
13   numerous depositions. After approximately ten years of litigation, the case settled for $586 million.[12]

14       A member of the New York State Bar Association's Antitrust Committee, Peggy has served

15   as both a speaker and panelist and served twice on the advisory board of Competition Law360. She

16   is a member of the American Association of Justice and a current trustee of the Pound Institute. Peggy

17   has been recognized as a New York Metro "Super Lawyer" from 2016 to the present, with a primary

18   practice in Antitrust, and was also recommended in the Legal 500 in the United States for 2016. She

19   was also recently published in *Trial* magazine.[13]

20       Milberg's familiarity with the scope and demands of discovery in complex class actions and

21   antitrust matters will ensure that discovery in this case is expertly handled by a centralized team, an

22   ────────────────────────

23   [12] *See also In re Cathode Ray Tube (CRT) Antitrust Litig.*, 07-cv-5944 (N.D. Cal.) (depositions/trial
     preparation); *Church & Dwight Co., Inc. v. Mayer Laboratories, Inc*., C-10-04429 (N.D. Cal.)
24   (oversaw discovery); *In re NASDAQ Market-Makers Antitrust Litig.*, 187 F.R.D. 465 (S.D.N.Y.)
     (investigated and drafted claims and discovery); *Blessing v. Sirius XM Radio, Inc*., 09-cv-10035
25   (S.D.N.Y.) (discovery, summary judgment and trial matters); *In re Microsoft Litig.*, MDL 1332 (D.
     Md.) (conducted depositions); *In re Sumitomo Copper Litig.*, 74 F. Supp. 2d 393, 395 (S.D.N.Y)
26   (conducted depositions and substantial discovery in Hong Kong and Tokyo); and *In re Natural Gas
     Commodities Litig.*, 03-cv-6186 (S.D.N.Y.) (discovery).
27   [13] *See* Ex. 4, Wedgworth Decl. at ¶ 9-14. *See also Challenging "Attorneys' Eyes Only" and
     Improper Categorical Privilege Logs*, Trial magazine, December 2019.
28                                    P a g e | **18** MOTION TO APPOINT INTERIM CLASS COUNSEL

approach that will eliminate redundancies in the drafting, review and execution of written and deposition discovery. [14]

### 2. Pritzker Levine

Finally, the Moving Firms request that Elizabeth C. Pritzker be appointed as Liaison Counsel. Pritzker Levine's highly accomplished attorneys are frequently recognized as "Top Attorneys," "Super Lawyers" or "Rising Stars" for their work in courtrooms, mediations and arbitrations. Elizabeth is a co-founding partner of Pritzker Levine, where she has prosecuted cases against monopolists, price-fixing cartels, big tech, major manufacturers, pharmaceutical companies, and the NCAA. Elizabeth heads the firm's antitrust practice and is an experienced trial attorney. She is intimately familiar with practice in the Northern District of California, serving in leadership, executive committee and liaison counsel roles in antitrust and class action cases before the Court. Her experience includes the following matters in the Northern District of California:

*In re National Collegiate Athletic Association Grant-In-Aid Cap Antitrust Litigation*: As Additional Class Counsel, Elizabeth represents college athletes in an antitrust class-action lawsuit against the NCAA and the Pac-12, Big Ten, Big-12, SEC and ACC, claiming that these entities agreed to unlawfully cap the value of athletic scholarships. Nationwide classes seeking injunctive relief have been certified, and a $208 million settlement received final court approval in 2017. The injunctive relief case was tried, successfully, in 2018 and affirmed by the Ninth Circuit in May 2020.

*Staley v. Gilead Sciences*: Pritzker Levine represents plaintiffs and putative class members in a class action against drug manufacturer Gilead and others, for knowingly colluding to raise the price of anti-HIV drugs, and wrongfully raising the price of treatment for one million people living with HIV. The case is pending before Judge Edward Chen.

*Il Forniao (America) Corp. v. Lazzari Fuel Company, LLC*: Elizabeth served as Class Counsel representing a class of direct purchasers in an antitrust class action alleging price-fixing among sellers of restaurant grade mesquite charcoal. The class was certified by Judge William Alsup, who subsequently granted final approval to a class settlement representing 85% of antitrust damages.

*In re Lithium Ion Rechargeable Batteries Antitrust Litigation*: Pritzker Levine served on Plaintiffs' Steering Committee, representing direct purchasers in a multi-district antitrust class action against the major manufacturers of lithium ion rechargeable batteries. Judge Yvonne Gonzalez Rogers granted final approval to a direct purchaser class settlement of over $70 million.

*In re Transpacific Passenger Air Transportation Antitrust Litigation*: Elizabeth, as a member of Plaintiffs' Executive Committee, represented a class of consumers and direct purchasers

---

[14] *See* Ex. 4, Wedgworth Decl.

in a multi-district class action alleging fuel surcharge price-fixing by airlines in the transpacific passenger airline market. Plaintiffs secured settlements of almost $160 million. The case is pending before Judge Charles Breyer.

*In re TFT-LCD (Flat Panel) Antitrust Litigation*: Elizabeth served as Liaison Counsel for a certified class of direct purchaser plaintiffs in a multi-district antitrust class action alleging price-fixing by foreign and domestic manufacturers of Thin Film Transistor Liquid Crystal Display products. The direct purchaser case resulted in class settlements of $473 million, and an $87 million jury verdict before trebling, one of the largest antitrust MDL actions in the United States. The case was litigated and tried to verdict before Judge Susan Illston.

Elizabeth will provide invaluable insight to the Consumer Class regarding class action practice generally and antitrust practice specifically in the Northern District of California. Her guidance will ensure that the Consumer Class is well-versed in the requirements and customs of the Court so that this case may proceed at maximum efficiency and effectiveness.

## III.    THE MOVING FIRMS HAVE THE NECESSARY RESOURCES TO PROPERLY PROTECT PLAINTIFFS' INTERESTS.

The Moving Firms are well-versed in what it takes to prosecute complex, large scale class actions and antitrust cases and have the resources to do so. They are fully prepared to commit the resources necessary to represent the class. *See* Fed. R. Civ. P. 23(g)(1)(A)(iv). Moreover, the Moving Firms are well-aware of the Court's expectations regarding efficiency, economy and accountability and pledge to adhere to the guidelines for interim counsel provided in the Court's Consolidation Order.

## CONCLUSION

When Korein Tillery and Bartlit Beck's deep reservoir of experience in class action and antitrust matters is combined with Milberg's discovery expertise and Pritzker Levine's local insight, the result is an interim class team with the subject matter knowledge, complex litigation experience and court-specific expertise to provide outstanding advocacy on behalf of the Consumer Class. We respectfully request the Court enter an Order appointing Korein Tillery and Bartlit Beck as co-lead interim counsel, Milberg as Discovery Liaison and Pritzker as Liaison Counsel. A Proposed Order is attached hereto as Exhibit 5.

Dated: November 23, 2020

1

2
Respectfully submitted,

3
By: */s/ Jamie L. Boyer*                           By: */s/ Peggy J. Wedgworth*
**KOREIN TILLERY, LLC**                            **MILBERG PHILLIPS GROSSMAN LLP**

4
George A. Zelcs (*pro hac vice*)                   Peggy J. Wedgworth (*pro hac vice*)
Robert E. Litan (*pro hac vice*)                   Robert A. Wallner (*pro hac vice*)

5
Randall Ewing, Jr. (*pro hac vice*)                Elizabeth McKenna (*pro hac vice*)
Jonathon D. Byrer (*pro hac vice*)                 Blake Yagman (*pro hac vice*)

6
205 North Michigan, Suite 1950                     Michael Acciavatti (*pro hac vice*)

7
Chicago, IL 60601                                  100 Garden City Plaza, Suite 500
Telephone: (312) 641-9750                          Garden City, New York 11530

8
Facsimile: (312) 641-9751                          Telephone: 212-594-5300
gzelcs@koreintillery.com                           Facsimile: 212-868-1229

9
rlitan@koreintillery.com                           pwedgworth@milberg.com
rewing@koreintillery.com                           rwallner@milberg.com

10
jbyrer@koreintillery.com                           emckenna@milberg.com

11
                                                   byagman@milberg.com
Stephen M. Tillery (*pro hac vice*)                macciavatti@milberg.com

12
Jamie Boyer (*pro hac vice*)                       *Counsel for Plaintiffs in Bentley v. Google*
Michael E. Klenov (277028)                         *LLC, et al.*

13
Carol O'Keefe (*pro hac vice*)
505 North 7th Street, Suite 3600                   By: */s/ Elizabeth C. Pritzker*

14
St. Louis, MO 63101                                Elizabeth C. Pritzker (146267)
Telephone: (314) 241-4844                          Bethany Caracuzzo, (190687)

15
Facsimile: (314) 241-3525                          Caroline Corbitt, (305492)

16
stillery@koreintillery.com                         **PRITZKER LEVINE, LLP**
jboyer@koreintillery.com                           1900 Powell Street, Suite 450

17
mklenov@koreintillery.com                          Emeryville, CA 94608
cokeefe@koreintillery.com                          Telephone: (415) 805-8532

18
                                                   Facsimile: (415) 366-6110

19
**BARTLIT BECK LLP**                               ecp@pritzkerlevine.com
Karma M. Giulianelli (184175)                      bc@pritzkerlevine.com

20
Glen E. Summers (176402)                           ccc@pritzkerlevine.com
Jameson R. Jones (*pro hac pending*)               *Counsel for Plaintiffs and the Proposed Class*

21
1801 Wewetta St., Suite 1200                       *in Carroll v. Google, LLC, et al.*

22
Denver, CO 80202
Telephone: (303) 592-3100

23
Facsimile: (303) 592-3140
karma.giulianelli@bartlitbeck.com

24
glen.summers@bartlitbeck.com
*Counsel for Plaintiffs in Carr v. Google LLC, et*

25
*al.*

26

27

28

## CERTIFICATE OF SERVICE

  The undersigned hereby certifies that on November 23, 2020, a true and correct copy of the foregoing document was served upon all counsel of record through the Court's electronic filing and notification system.

/s/ Jamie L. Boyer   