George A. Zelcs (*pro hac vice*)
  gzelcs@koreintillery.com
Robert E. Litan (*pro hac vice*)
  rlitan@koreintillery.com
Randall P. Ewing, Jr. (*pro hac vice*)
  rewing@koreintillery.com
Jonathon D. Byrer (*pro hac vice*)
  jbyrer@koreintillery.com
**KOREIN TILLERY, LLC**
205 North Michigan, Suite 1950
Chicago, IL  60601
Telephone: (312) 641-9750
Facsimile: (312) 641-9751

Stephen M. Tillery (*pro hac vice*)
  stillery@koreintillery.com
Jamie Boyer (*pro hac vice*)
  jboyer@koreintillery.com
Michael E. Klenov, CA Bar #277028
  mklenov@koreintillery.com
Carol O'Keefe (*pro hac vice*)
  cokeefe@koreintillery.com
**KOREIN TILLERY, LLC**
505 North 7th Street, Suite 3600
St. Louis, MO  63101
Telephone: (314) 241-4844
Facsimile: (314) 241-3525

Karma M. Giulianelli, CA Bar #184175
  karma.giulianelli@bartlitbeck.com
Glen E. Summers, CA Bar # 176402
  glen.summers@bartlitbeck.com
Chris Lind (*pro hac vice*)
  chris.lind@bartlitbeck.com
Jameson R. Jones (*pro hac vice*)
  jameson.jones@bartlitbeck.com
**BARTLIT BECK LLP**
1801 Wewetta St. Suite 1200,
Denver, Colorado 80202
Telephone: (303) 592-3100
Facsimile:  (303) 592-3140
*Attorneys for Plaintiffs and the Proposed Class in Carr v. Google, LLC, et al.*

Peggy J. Wedgworth (*pro hac vice*)
  pwedgworth@milberg.com
Robert A. Wallner (*pro hac vice*)
  rwallner@milberg.com
Elizabeth McKenna (*pro hac vice*)
  emckenna@milberg.com
Blake Yagman (*pro hac vice*)
  byagman@milberg.com
Michael Acciavatti (*pro hac vice*)
  macciavatti@milberg.com
**MILBERG PHILLIPS GROSSMAN LLP**
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Telephone: 212-594-5300
Facsimile: 212-868-1229
*Counsel for Plaintiffs and the Proposed Class in Bentley v. Google LLC, et al.*


Elizabeth C. Pritzker, CA Bar#146267
  ecp@pritzkerlevine.com
Bethany Caracuzzo, CA Bar#190687
  bc@pritzkerlevine.com
Caroline Corbitt, CA Bar #305492
  ccc@pritzkerlevine.com
**PRITZKER LEVINE, LLP**
1900 Powell Street, Suite 450
Emeryville, CA 94608
Telephone: (415) 805-8532
Facsimile: (415) 366-6110
*Counsel for Plaintiffs and the Proposed Class in Carroll v. Google, LLC, et al.*

P a g e | **1** DECLARATION OF JAMIE L. BOYER

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION**

| | |
|---|---|
| *In re Google Play Consumer Antitrust Litigation* <br><br> *Related Actions:* <br> *Epic Games, Inc. v. Google, LLC*; 3:20-CV-05671-JD <br> *In re Google Play Developer Antitrust Litigation*, 3:20-CV-5792-JD | CASE NO. 3:20-CV-05761 JD <br><br> DECLARATION OF JAMIE L. BOYER |

**<u>DECLARATION OF JAMIE L. BOYER</u>**

I, Jamie L. Boyer, declare as follows:

1. I am an attorney with the law firm of Korein Tillery LLC and am one of the attorneys representing Plaintiff Mary Carr in this consolidated action. I am admitted *pro hac vice* to practice in this Court. The contents of this declaration are based on my personal knowledge. If called as a witness, I could and would competently testify thereto.

2. After filing *Carr v. Google, LLC* ("*Carr*") on August 18, 2020, I spoke with counsel for Google on several occasions regarding acceptance of service for Google's domestic entities, service on the foreign Google defendants and the scope of the *Carr* complaint.

3. On September 18, 2020, the Court issued an Order setting out initial case management deadlines and requirements. (Dkt. 42).[1] The Order instructed counsel in *Carr v. Google, LLC,* 3:20-CV-05761-JD, *Bentley v. Google, LLC,* 3:20-CV-07079-JD, *Pure Sweat Basketball, Inc. v. Google, LLC,* 3:20-CV-05792-JD, *Peekya App. Services, Inc. v. Google, LLC,* 3:20-CV-06772-JD, and *Epic Games, Inc. v. Google, LLC*, 3:20-CV-05671-JD (collectively "Related Actions"), to discuss consolidation of their cases for pretrial and trial purposes and to submit a joint case management statement by October 1, 2020. (*Id.*)

---

[1] Citations to "Dkt." reference the docket in *Carr v. Google, LLC*, 3:20-CV-05761-JD, which was converted to the master docket for *In re Google Play Consumer Antitrust Litigation* on November 20, 2020. (Dkt. 78). Citations to other dockets will be identified by the relevant case name.

P a g e | **2** DECLARATION OF JAMIE L. BOYER

4. Between September 18, 2020 and October 1, 2020, I participated in multiple conference calls between and among counsel for the Related Actions. The purpose of these calls was to discuss coordination of discovery and other pretrial matters, potential consolidation of the pending actions, a schedule for responsive pleadings and page limits for same and potential motions for interim class leadership.

5. I also participated in drafting, revising and filing the parties' Joint Case Management Statement which memorialized the parties' negotiations and discussions in the prior weeks. The Joint Case Management Statement was collectively prepared by all counsel in the Related Actions. (Dkt. 45).

6. Following a case management conference on October 8, 2020, the Court ordered counsel for the Related Actions to meet and confer no later than October 13, 2020, regarding case scheduling, coordinated discovery and coordinated briefing and to submit a joint proposed plan on those issues by October 16, 2020. (Dkt. 53).

7. In accordance with the Court's instructions, I participated on conference calls between and among counsel for the Related Actions, on October 12, 13 and 15, 2020. During these calls, counsel discussed the appropriate scope of a protective order, a protocol for handling electronically stored information ("ESI"), a schedule for discovery and the extent to which written discovery, third party discovery and depositions could be coordinated among the parties.

8. I then participated in drafting, revising and filing a Joint Proposed Plan for Discovery Coordination and Case Scheduling ("Joint Proposed Plan") which memorialized the parties' negotiations and discussions in the prior week. The Joint Proposed Plan was collectively prepared by all counsel. (Dkt. 54).

9. Between October 16, 2020 and October 22, 2020, I participated in multiple conference calls between and among counsel for the Related Actions, and Google, including but not limited to calls on October 20, 21 and 22, 2020. During these calls, counsel discussed:

   a. The scope and coordination of discovery, including but not limited to avoiding duplicative written discovery requests, coordinating document production for all cases,

P a g e | **3** DECLARATION OF JAMIE L. BOYER

presumptive time limits on depositions, presumptive limits on written discovery requests and coordination of third party discovery to avoid undue burden on non-parties;

b. A detailed ESI protocol, including file formats, metadata fields and production guidelines (*i.e.,* how to handle de-duplication, attachments, etc.); and

c. The proper scope of a protective order, including but not limited to categories of protection (*i.e.,* confidential, attorneys' eyes only), who could see particular categories of documents and whether prior approval from the disclosing party would be needed before disclosure.

10. These discussions were ultimately memorialized in the Stipulation and [Proposed] Order Regarding Coordination of Discovery (Dkt. 56), [Stipulated] Order Regarding Discovery of Electronically Stored Information (Dkt. 57), and Joint Statement Regarding Protective Order (Dkt. 59). I participated in the drafting, revision and filing of those documents, which were collectively prepared by counsel in the Related Actions.

11. I also participated in the preparation of the Consolidated Class Action Complaint for the consumer class, which consolidated the *Carr* and *Bentley* actions into a single pleading. This process involved collaboration with counsel for *Bentley*. (Dkt. 55).

12. On October 29, 2020, the Court held a status conference and ordered counsel in the Related Actions to submit a unified scheduling order for the Related Actions on or before November 6, 2020. (Dkt. 65).

13. The following week, I participated on multiple conference calls among all counsel during which we discussed a schedule for discovery, class certification, third party discovery, experts and dispositive motion deadlines, as well as a trial date.

14. These discussions were memorialized in the Parties' Stipulation and [Proposed] Scheduling and Page Limits for Forthcoming Motion Practice. (Dkt. 71). This document was collectively prepared by counsel in the Related Actions, including me.

15. Additionally, during the case management conference held on December 3, 2020, I was tasked with resolving a dispute between plaintiffs and Google regarding protective order

language. After working with counsel for Google, the consumer class, the developer class and Epic, a compromise was reached. On November 7, 2020, the parties submitted a [Proposed] Stipulated Protective Order. (Dkt. 109).

16. The purpose of the communications, activities and filings described in Paragraphs 3-15, *supra*, was to centralize and streamline activities in the Related Actions, as well as subsequently filed actions, particularly with regard to discovery and responsive pleading practice. As a result of these proactive and collaborative steps, there are guidelines in place for coordinated discovery (written, deposition and third party), the production of ESI, the protection of confidential information and a schedule through trial.

17. On November 9, 2020, plaintiffs in the Related Actions served their First Requests for Production of Documents ("Requests") on Google. These Requests were collectively prepared and drafted by counsel for the consumer class, developer class and Epic. Since serving the Requests, I have participated in multiple meet and confers with all counsel regarding the production of data and documents.

18. On November 5, 2020, plaintiffs' counsel in *Paige v. Google, LLC*, 1:20-CV-03158, filed a motion to consolidate and transfer the Related Actions, among others, into a multidistrict litigation in the District Court for the District of Columbia. (MDL No. 2981, Dkt. 1). On November 27, 2020, plaintiffs' counsel in the Related Actions filed a joint opposition to the motion. (MDL No. 2981, Dkt. 37). Counsel from Korein Tillery and Bartlit Beck took the lead in coordinating those efforts.

19. Korein Tillery and Bartlit Beck have already retained world-class economists and other experts, and have been working with them for months developing the economic evidence and theory that will be needed both to prove the merits of the consumers' claims and in connection with class certification.

20. Pursuant to 28 U.S.C. §1746, I declare under penalty of perjury that the foregoing is true and correct and that I executed this declaration on December 9, 2020 in St. Louis, Missouri.

                                                                        */S/ Jamie L. Boyer*
                                                                        Jamie L. Boyer