| | |
|---|---|
| 1 | George A. Zelcs (*pro hac vice*) |
| | gzelcs@koreintillery.com |
| 2 | Robert E. Litan (*pro hac vice*) |
| | rlitan@koreintillery.com |
| 3 | Randall P. Ewing, Jr. (*pro hac vice*) |
| | rewing@koreintillery.com |
| 4 | Jonathon D. Byrer (*pro hac vice*) |
| | jbyrer@koreintillery.com |
| 5 | **KOREIN TILLERY LLC** |

George A. Zelcs (*pro hac vice*)
 gzelcs@koreintillery.com
Robert E. Litan (*pro hac vice*)
 rlitan@koreintillery.com
Randall P. Ewing, Jr. (*pro hac vice*)
 rewing@koreintillery.com
Jonathon D. Byrer (*pro hac vice*)
 jbyrer@koreintillery.com
**KOREIN TILLERY LLC**
205 North Michigan, Suite 1950
Chicago, IL 60601
Telephone: (312) 641-9750
Facsimile: (312) 641-9751

Stephen M. Tillery (*pro hac vice*)
 stillery@koreintillery.com
Jamie Boyer (*pro hac vice*)
 jboyer@koreintillery.com
Michael E. Klenov, CA Bar #277028
 mklenov@koreintillery.com
Carol O'Keefe (*pro hac vice*)
 cokeefe@koreintillery.com
**KOREIN TILLERY, LLC**
505 North 7th Street, Suite 3600
St. Louis, MO 63101
Telephone: (314) 241-4844
Facsimile: (314) 241-3525

Karma M. Giulianelli, CA Bar #184175
 karma.giulianelli@bartlitbeck.com
Glen E. Summers, CA Bar # 176402
 glen.summers@bartlitbeck.com
Chris Lind (*pro hac vice*)
 chris.lind@bartlitbeck.com
Jameson R. Jones (*pro hac vice*)
 jameson.jones@bartlitbeck.com
**BARTLIT BECK LLP**
1801 Wewetta St. Suite 1200,
Denver, Colorado 80202
Telephone: (303) 592-3100
Facsimile: (303) 592-3140
*Attorneys for Plaintiffs and the Proposed Class in Carr v. Google, LLC, et al.*

Peggy J. Wedgworth (*pro hac vice*)
 pwedgworth@milberg.com
Robert A. Wallner (*pro hac vice*)
 rwallner@milberg.com
Elizabeth McKenna (*pro hac vice*)
 emckenna@milberg.com
Blake Yagman (*pro hac vice*)
 byagman@milberg.com
Michael Acciavatti (*pro hac vice*)
 macciavatti@milberg.com
**MILBERG PHILLIPS GROSSMAN LLP**
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Telephone: 212-594-5300
Facsimile: 212-868-1229
*Counsel for Plaintiffs and the Proposed Class in Bentley v. Google LLC, et al.*

Elizabeth C. Pritzker, CA Bar#146267
 ecp@pritzkerlevine.com
Bethany Caracuzzo, CA Bar#190687
 bc@pritzkerlevine.com
Caroline Corbitt, CA Bar #305492
 ccc@pritzkerlevine.com
**PRITZKER LEVINE LLP**
1900 Powell Street, Suite 450
Emeryville, CA 94608
Telephone: (415) 805-8532
Facsimile: (415) 366-6110
*Counsel for Plaintiffs and the Proposed Class in Carroll v. Google, LLC, et al.*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| *In re Google Play Consumer Antitrust Litigation* | CASE NO. 3:20-CV-05761 JD |
| *Related Actions:*<br>*Epic Games, Inc. v. Google, LLC*; 3:20-CV-05671-JD<br>*In re Google Play Developer Antitrust Litigation*, 3:20-CV-5792-JD | **PLAINTIFFS CARR, BENTLEY AND CARROLL'S RESPONSE IN OPPOSITION TO AMOS KOBER'S ADMINISTRATIVE MOTION TO RELATE CASES.** |

Pursuant to Northern District of California Local Civil Rule 3-12(e), plaintiffs Mary Carr, Dianne Bentley, and Daniel Carroll *et al.* respond in opposition to Amos Kober's administrative motion to relate *Kober v. Google LLC*, No. 4:20-cv-08336-BLF (N.D. Cal.), R. 118, as follows:

This Court should deny Kober's motion. Under Local Civil Rule 3-12(a), two actions are related to each other only if (1) they concern substantially the same parties, property, transaction or event; and (2) it appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if those actions are conducted before different judges. Neither requirement is satisfied here. As to the first requirement, there is quite clearly no substantial overlap between *Kober* and this action – where *Kober* claims that Google has illegally maintained monopoly power in the market for internet search advertising, R. 118-1 at 14-21, 28, the plaintiffs in this consolidated action challenge Google's misconduct in *four* entirely different markets: (1) the market for mobile devices and their accompanying operating system platforms; (2) the market for licensable mobile operating system platforms; (3) the Android app distribution market; and (4) the Android in-app payment processing market, R. 55 at 7. Moreover, while the claims in *Kober* are on behalf of a putative California class, R. 118-1 at 23, and arise solely out of "California's antitrust and unfair competition laws," *id.* at 25, the claims in this consolidated action are on behalf of a putative nationwide class, R. 55 at 27, and arise out of federal antitrust law and the laws of several states, *id.* at 28-60. And as to the second requirement, the overwhelming differences between the plaintiffs and claims in *Kober* and the plaintiffs and claims in this consolidated action all but eliminate any

possibility that maintaining those actions before different judges will result in an unduly burdensome duplication of labor or conflicting results.  *See*, *e.g.*, *ASUS Computer Int'l v. Interdigital, Inc.*, No. 15-CV-01716, 2015 WL 13783764 at *1 (N.D. Cal. June 15, 2015) (denying motion to relate because existence of "myriad case-specific facts and issues that do not overlap" between actions showed that they could be heard by different judges "without being unduly burdensome . . . and that it is unlikely that there would be conflicting results"); *Tecson v. Lyft, Inc.*, No. 18-cv-06782, 2019 WL 1903263 at *4 (N.D. Cal. April 29, 2019) (denying motion to relate because significant differences between actions meant that "the judge in each case would be focused on resolving separate issues of law and fact for different parties").

Kober's cursory arguments to the contrary, R. 118 at 2, are easily disposed of.  While Kober declares that these actions are substantially similar because they both "allege[ ] that Google engaged in unlawful monopolization and restraints of trade in violation of federal antitrust law," *id.*, that is demonstrably false, since his complaint expressly – and repeatedly – invokes only California law, R. 118-1 at 24, 26, 28-32.[1]  But even generously assuming that Kober meant to say that both actions involve California antitrust laws, that is still not enough to make those actions related, even accepting that both actions "name[ ] as defendant Google LLC" and "challenge[ ] Google's conduct with regard to the Google Play Store."  R. 118 at 2.  To the contrary, it is quite clear that the mere fact that two actions involve the same statute, defendant, and conduct "do[es] not suffice to meet the substantial similarity threshold" of Local Rule 3-12(e).  *Tecson*, 2019 WL 1903263 at *3 (collecting authority).  Kober's further declaration that "[a]ll plaintiffs in the consumer cases will likely seek the same or similar discovery from the Google entities and non-parties, and Google likely will proffer common factual and legal defenses and expert witnesses in each of the cases," R. 118 at 2, is simply fanciful.  Since *Kober* and this consolidated action involve different markets, different unlawful activities in

---

[1] Kober could not bring his claims under federal law, since the only antitrust injury he alleges was inflicted not on the app consumers in his putative class, R. 118-1 at 23, but on *advertisers* who "are effectively required to pay a toll to enter the Google search advertising monopoly," are charged more than they would be in a competitive market, receive a "reduced quality of . . . services," and are denied "information . . . about their marketing campaigns," *id.* at 22.

P a g e  | **3 RESPONSE TO KOBER MOTION TO RELATE**

1  those markets, and different theories of antitrust injury, it is frankly inconceivable that Google will
2  offer the exact same factual and legal defenses in both actions.[2]
3        WHEREFORE, plaintiffs Mary Carr, Dianne Bentley, and Daniel Carroll *et al*. respectfully
4  request that this Court deny Amos Kober's motion to relate.
5  Dated: December 14, 2020

---

[2] Shortly after filing his motion to relate, Kober also filed a brief requesting (1) the appointment of Cotchett Pitre & McCarthy, LLP and Kaplan Fox & Kilsheimer LLP as interim lead counsel in this consolidated action; and (2) appointment of his counsel to those firms' proposed steering committee. R. 119.  Denial of Kober's motion to relate moots both requests, by removing him as a named plaintiff with a present stake in this consolidated action – even if he is a member of the putative class.  *See Smith v. Bayer Corp.*, 564 U.S. 299, 313 (2011) (explaining that it is "surely erroneous" to believe that an unnamed class member is a party to class litigation until class certification (quotation marks omitted)).

Respectfully submitted,

By: */s/ Jamie L. Boyer*
**KOREIN TILLERY LLC**
George A. Zelcs (*pro hac vice*)
Robert E. Litan (*pro hac vice*)
Randall Ewing, Jr. (*pro hac vice*)
Jonathon D. Byrer (*pro hac vice*)
205 North Michigan, Suite 1950
Chicago, IL 60601
Telephone: (312) 641-9750
Facsimile: (312) 641-9751
gzelcs@koreintillery.com
rlitan@koreintillery.com
rewing@koreintillery.com
jbyrer@koreintillery.com

Stephen M. Tillery (*pro hac vice*)
Jamie Boyer (*pro hac vice*)
Michael E. Klenov (277028)
Carol O'Keefe (*pro hac vice*)
505 North 7th Street, Suite 3600
St. Louis, MO 63101
Telephone: (314) 241-4844
Facsimile: (314) 241-3525
stillery@koreintillery.com
jboyer@koreintillery.com
mklenov@koreintillery.com
cokeefe@koreintillery.com
**BARTLIT BECK LLP**
Karma M. Giulianelli (184175)
Glen E. Summers (176402)
Chris Lind (*pro hac vice*)
Jameson R. Jones (*pro hac vice*)
1801 Wewetta St., Suite 1200
Denver, CO 80202
Telephone: (303) 592-3100
Facsimile: (303) 592-3140
karma.giulianelli@bartlitbeck.com
glen.summers@bartlitbeck.com
*Counsel for Plaintiffs in Carr v. Google LLC, et al.*

By: */s/ Peggy J. Wedgworth*
**MILBERG PHILLIPS GROSSMAN LLP**
Peggy J. Wedgworth (*pro hac vice*)
Robert A. Wallner (*pro hac vice*)
Elizabeth McKenna (*pro hac vice*)
Blake Yagman (*pro hac vice*)
Michael Acciavatti (*pro hac vice*)
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Telephone: 212-594-5300
Facsimile: 212-868-1229
pwedgworth@milberg.com
rwallner@milberg.com
emckenna@milberg.com
byagman@milberg.com
macciavatti@milberg.com
*Counsel for Plaintiffs in Bentley v. Google LLC, et al.*

By: */s/ Elizabeth C. Pritzker*
Elizabeth C. Pritzker (146267)
Bethany Caracuzzo, (190687)
Caroline Corbitt, (305492)
**PRITZKER LEVINE, LLP**
1900 Powell Street, Suite 450
Emeryville, CA 94608
Telephone: (415) 805-8532
Facsimile: (415) 366-6110
ecp@pritzkerlevine.com
bc@pritzkerlevine.com
ccc@pritzkerlevine.com
*Counsel for Plaintiffs and the Proposed Class in Carroll v. Google, LLC, et al.*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on December 14, 2020, a true and correct copy of the foregoing document was served upon all counsel of record through the Court's electronic filing and notification system.

/s/ Jamie L. Boyer