George A. Zelcs (*pro hac vice*)
  gzelcs@koreintillery.com
Robert E. Litan (*pro hac vice*)
  rlitan@koreintillery.com
Randall P. Ewing, Jr. (*pro hac vice*)
  rewing@koreintillery.com
Jonathon D. Byrer (*pro hac vice*)
  jbyrer@koreintillery.com
**KOREIN TILLERY LLC**
205 North Michigan, Suite 1950
Chicago, IL  60601
Telephone: (312) 641-9750
Facsimile: (312) 641-9751

Stephen M. Tillery (*pro hac vice*)
  stillery@koreintillery.com
Jamie Boyer (*pro hac vice*)
  jboyer@koreintillery.com
Michael E. Klenov, CA Bar #277028
  mklenov@koreintillery.com
Carol O'Keefe (*pro hac vice*)
  cokeefe@koreintillery.com
**KOREIN TILLERY, LLC**
505 North 7th Street, Suite 3600
St. Louis, MO  63101
Telephone: (314) 241-4844
Facsimile: (314) 241-3525

Karma M. Giulianelli, CA Bar #184175
  karma.giulianelli@bartlitbeck.com
Glen E. Summers, CA Bar # 176402
  glen.summers@bartlitbeck.com
Chris Lind (*pro hac vice*)
  chris.lind@bartlitbeck.com
Jameson R. Jones (*pro hac vice*)
  jameson.jones@bartlitbeck.com
**BARTLIT BECK LLP**
1801 Wewetta St. Suite 1200,
Denver, Colorado 80202
Telephone: (303) 592-3100
Facsimile:  (303) 592-3140
*Attorneys for Plaintiffs and the Proposed Class in Carr v. Google, LLC, et al.*

Peggy J. Wedgworth (*pro hac vice*)
  pwedgworth@milberg.com
Robert A. Wallner (*pro hac vice*)
  rwallner@milberg.com
Elizabeth McKenna (*pro hac vice*)
  emckenna@milberg.com
Blake Yagman (*pro hac vice*)
  byagman@milberg.com
Michael Acciavatti (*pro hac vice*)
  macciavatti@milberg.com
**MILBERG PHILLIPS GROSSMAN LLP**
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Telephone: 212-594-5300
Facsimile: 212-868-1229
*Counsel for Plaintiffs and the Proposed Class in Bentley v. Google LLC, et al.*


Elizabeth C. Pritzker, CA Bar#146267
 ecp@pritzkerlevine.com
Bethany Caracuzzo, CA Bar#190687
 bc@pritzkerlevine.com
Caroline Corbitt, CA Bar #305492
 ccc@pritzkerlevine.com
**PRITZKER LEVINE, LLP**
1900 Powell Street, Suite 450
Emeryville, CA 94608
Telephone: (415) 805-8532
Facsimile: (415) 366-6110
*Counsel for Plaintiffs and the Proposed Class in Carroll v. Google, LLC, et al.*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| *In re Google Play Consumer Antitrust Litigation* | CASE NO. 3:20-CV-05761 JD |
| *Related Actions:*<br>*Epic Games, Inc. v. Google, LLC*; 3:20-CV-05671-JD<br>*In re Google Play Developer Antitrust Litigation*, 3:20-CV-5792-JD | **PLAINTIFFS CARR, BENTLEY AND CARROLL'S RESPONSE TO COTCHETT, PITRE & MCCARTHY AND KAPLAN FOX & KILSHEIMER LLP'S MEMORADNUM IN FURTHER SUPPORT**<br><br>**Hearing**<br>**Date:** December 15, 2020<br>**Time:** 11:00 a.m. (Pacific)<br>**Location:** Via Zoom |

## INTRODUCTION

Contrary to its stated purpose, Kaplan/Cotchett's Memorandum in Further Support ("Supplemental Memorandum") actually demonstrates why the Korein/Bartlit Group is the best choice for interim lead counsel.[1] The Supplemental Memorandum foretells a sprawling steering committee that will produce duplicative work and ballooning costs instead of efficient class leadership. The Supplemental Memorandum also relies on a misplaced "first filer" argument that ignores and therefore highlights the strength of the Korein/Bartlit Group's proven track record of collaboration and leadership in this case. Simply put, there is nothing in the Supplemental Memorandum that undercuts the Korein/Bartlit Group's superior antitrust expertise, class action experience and complex discovery know-how. They are the best choice to lead the consumer class.

---

[1] "Korein/Bartlit Group" collectively refers to the firms of Korein Tillery LLC, Bartlit Beck, LLP, Milberg Phillips Grossman LLP and Pritzker Levine, LLP. "Kaplan/Cotchett" collectively refers to the firms of Kaplan Fox & Kilsheimer and Cotchett, Pitre & McCarthy

# ARGUMENT

## I. THE STEERING COMMITTEE WOULD NOT PROMOTE EFFECTIVENESS OR EFFICIENCY.

The leadership structure proposed by Kaplan/Cotchett is a textbook example of how quickly a committee can spiral out of control. Kaplan/Cotchett proposes a steering committee of no less than four firms, supported by no fewer than 12 attorneys. (Dkt. 116). And just yesterday, another firm moved to join the ranks and have an attorney appointed to that committee. (Dkt. 119). Especially troubling is the Supplemental Memorandum's silence as to exactly what all of these firms will *do* on a daily basis. But a hint is offered by a diagram Kaplan/Cotchett circulated during leadership discussions:



This diagram clearly demonstrates that under Kaplan/Cotchett's leadership, the number of billing firms will skyrocket without any increase in effectiveness or efficiency. Consider, for example,

the path a single discovery request to an Android device manufacturer must traverse. Under the structure above, that request would involve the Sub-Committee on Device Development, the Sub-Committee on Third Party Discovery, the Sub-Committee on Experts (who will need data), and very likely the International Liaison, all before being run through the Executive Committee Chair who, presumably, will then filter it up to Co-Lead Counsel for final approval. There are *five* sub-committees for discovery alone. To suggest this bloated approach "will aide in the efficient prosecution of the class's claims," (Dkt. 116 at 1), borders on absurd.

The Korein/Bartlit Group is not naïve to the size and scope of this case, which is why it includes two liaisons to supervise discovery and local practice. Moreover, the Group will work with other firms as appropriate and as needed – a process this Court has previously endorsed. *See In re Capacitors*, No. 3:14-CV-03264-JD, Dkt. 319 at 3. A pre-ordained steering committee that grows like a weed fosters duplicative efforts, increased costs and class in-fighting. This is precisely why the Court, "like many others, is leery of committees and liaison counsel roles because they can lead to inefficiencies in handling the litigation, and undue complications should the case reach the point of an award of fees and costs." *In re Robinhood Outage Litigation*, No. 3:20-CV-01626-JD at Dkt. 65, ¶3. The Court should trust its instincts and decline to appoint a leadership team designed to promote the interests of multiple law firms over consumers.

## II. KAPLAN/COTCHETT'S "FIRST FILER" ARGUMENT IGNORES THE KOREIN/BARTLIT GROUP'S PRODUCTIVE LEADERSHIP.

Kaplan/Cotchett's argument regarding the Korein/Bartlit Group's "first filer" status misses the point. The Group has never contended it should be appointed interim lead counsel because it won a race to the courthouse. Rather, the Korein/Bartlit Group contends it should be appointed because during the two months where *Carr v. Google, LLC* was the only consumer class action, the Group worked productively with counsel for the Developer Class, Epic Games, Inc. ("Epic") and Google to establish a schedule and coordinate pretrial discovery. The Korein/Bartlit Group should be appointed interim lead counsel because it has, for nearly four months, been successfully filling that role.

While the competing leadership motions are appropriately focused on what is best for the consumer class, the Court should not overlook the importance of appointing interim lead counsel that works well with the Developer Class, Epic and Google. The Korein/Bartlit Group has a proven track record in that regard. Kaplan/Cotchett, in contrast, offer only vague descriptions, unsupported by declaration, of how they have been "actively involved in this litigation." (Dkt. 116 at 5). The simple truth is that there was significant activity before they ever filed and the Korein/Bartlit Group established its ability to effectively represent the consumers during those months.[2] It is this demonstrated leadership, combined with the Korein/Bartlit Group's antitrust expertise, class action experience and complex discovery know-how, that distinguishes the Group as the best choice for interim co-lead counsel.

## **CONCLUSION**

For the reasons stated in the Korein/Bartlit Group's Motion for Appointment, Opposition to Kaplan/Cotchett's Motion for Appointment and this Response, the Court should appoint the Korein/Bartlit Group as interim lead counsel for the consumer class.

Dated: December 11, 2020

---

[2] Kaplan/Cotchett also contend their leadership will be more efficient because they submitted more "streamlined" pleadings. (Dkt. 116 at p. 3). This argument is based on the fact Kaplan/Cotchett's complaints were shorter, referenced a publicly available report and were reviewed by experts. (*Id.* at 2-3). The Korein/Bartlit Group disputes that expert review and references to a public document demonstrate effective leadership qualities. As for the substance of the claims asserted by Kaplan/Cotchett, the Korein/Bartlit Group disputes that eliminating state law claims and asserting a single market best serves the class, particularly at this early stage in the case.

P a g e | **5** RESPONSE TO MEMORANDUM IN FURTHER SUPPORT

Respectfully submitted,

By: */s/ Jamie L. Boyer*
**KOREIN TILLERY LLC**
George A. Zelcs (*pro hac vice*)
Robert E. Litan (*pro hac vice*)
Randall Ewing, Jr. (*pro hac vice*)
Jonathon D. Byrer (*pro hac vice*)
205 North Michigan, Suite 1950
Chicago, IL 60601
Telephone: (312) 641-9750
Facsimile: (312) 641-9751
gzelcs@koreintillery.com
rlitan@koreintillery.com
rewing@koreintillery.com
jbyrer@koreintillery.com

Stephen M. Tillery (*pro hac vice*)
Jamie Boyer (*pro hac vice*)
Michael E. Klenov (277028)
Carol O'Keefe (*pro hac vice*)
505 North 7th Street, Suite 3600
St. Louis, MO 63101
Telephone: (314) 241-4844
Facsimile: (314) 241-3525
stillery@koreintillery.com
jboyer@koreintillery.com
mklenov@koreintillery.com
cokeefe@koreintillery.com

**BARTLIT BECK LLP**
Karma M. Giulianelli (184175)
Glen E. Summers (176402)
Chris Lind (*pro hac vice*)
Jameson R. Jones (*pro hac vice*)
1801 Wewetta St., Suite 1200
Denver, CO 80202
Telephone: (303) 592-3100
Facsimile: (303) 592-3140
karma.giulianelli@bartlitbeck.com
glen.summers@bartlitbeck.com
*Counsel for Plaintiffs in Carr v. Google LLC, et al.*

By: */s/ Peggy J. Wedgworth*
**MILBERG PHILLIPS GROSSMAN LLP**
Peggy J. Wedgworth (*pro hac vice*)
Robert A. Wallner (*pro hac vice*)
Elizabeth McKenna (*pro hac vice*)
Blake Yagman (*pro hac vice*)
Michael Acciavatti (*pro hac vice*)
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Telephone: 212-594-5300
Facsimile: 212-868-1229
pwedgworth@milberg.com
rwallner@milberg.com
emckenna@milberg.com
byagman@milberg.com
macciavatti@milberg.com
*Counsel for Plaintiffs in Bentley v. Google LLC, et al.*

By: */s/ Elizabeth C. Pritzker*
Elizabeth C. Pritzker (146267)
Bethany Caracuzzo, (190687)
Caroline Corbitt, (305492)
**PRITZKER LEVINE, LLP**
1900 Powell Street, Suite 450
Emeryville, CA 94608
Telephone: (415) 805-8532
Facsimile: (415) 366-6110
ecp@pritzkerlevine.com
bc@pritzkerlevine.com
ccc@pritzkerlevine.com
*Counsel for Plaintiffs and the Proposed Class in Carroll v. Google, LLC, et al.*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on December 11, 2020, a true and correct copy of the foregoing document was served upon all counsel of record through the Court's electronic filing and notification system.

/s/ Jamie L. Boyer