JOHN E. SCHMIDTLEIN, SBN 163520
JESSE T. SMALLWOOD (*pro hac vice*)
BENJAMIN M. GREENBLUM (*pro hac vice*)
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, DC 20005
Telephone: (202) 434-5000
Facsimile: (202) 434-5029
Email: jschmidtlein@wc.com
Email: jsmallwood@wc.com
Email: bgreenblum@wc.com

JUSTINA K. SESSIONS, SBN 270914
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
One Market Plaza
Spear Tower, Suite 3300
San Francisco, CA 94105-1126
Telephone: (415) 947-2000
Facsimile: (415) 947-2099
Email: jsessions@wsgr.com

*Attorneys for Defendants*
*Google LLC and Alphabet Inc. in* Kober v.
Google, LLC et al.*, 20-cv-08336-BLF*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

|  |  |
|---|---|
| *In re Google Play Consumer Antitrust Litigation* | CASE NO.: 20-cv-05761-JD |
| | **DEFENDANTS' RESPONSE IN OPPOSITION TO AMOS KOBER'S ADMINISTRATIVE MOTION TO RELATE CASES** |

Google[1] opposes the motion of Amos Kober to relate his Complaint, pending before another Judge in this District, to the *Google Play Consumer Antitrust Litigation* before this Court.  The two litigations do not "concern substantially the same parties, property, transaction or event[s]," and discovery will proceed most efficiently if conducted separately given the wholly distinct conduct and claims asserted in the actions; the requirements for relation set by Local Rule 3-12(a) are therefore not met.  The Motion to Relate should be denied.

<u>**BACKGROUND**</u>

***In re Google Play Consumer Antitrust Litigation*.**  Plaintiffs in the *Google Play Consumer Antitrust Litigation* allege anticompetitive conduct in alleged relevant antitrust markets for "mobile devices and their accompanying operating system platforms;" "licensable mobile operating system platforms;" "Android app distribution;" and "Android in-app payment processing."  No. 20-cv-05761-JD, ECF 55 (Carr Am. Compl.[2]), ¶ 29.  Plaintiffs claim that "Google erected contractual and technological barriers that foreclose Android users' ability to utilize app distribution platforms other than Google Play Store."  *Id.* ¶ 4.  Plaintiffs claim that, as a result, competition with competing app stores was limited and that Google Play Store app prices were higher than they would have been absent the alleged unlawful conduct.  *Id.* ¶ 86.

Plaintiffs in the *Google Play Consumer Antitrust Litigation* make no material allegations regarding a search advertising relevant market, nor do they allege that Google's conduct had any impact on search advertising prices.  They mention search only in passing, and do not seek any damages arising from harm to competition in any alleged search or search advertising markets.

---

[1] In the action filed by Mr. Kober, named defendants are Google LLC and Alphabet, Inc.  In *Google Play Consumer Antitrust Litigation*, named defendants are Google LLC; Google Ireland Ltd.; Google Commerce Ltd.; Google Asia Pacific Pte. Ltd; and Google Payment Corp.

[2] In describing the allegations at issue in the *Google Play Consumer Antitrust Litigation*, this brief cites as a representative example the amended complaint filed therein by several plaintiffs on October 21, 2020 (ECF 55).  The other complaints in the *Google Play Consumer Antitrust Litigation* are not materially different for present purposes.

***Kober.*** Unlike plaintiffs in the *Google Play Consumer Antitrust Litigation*, Mr. Kober focuses his complaint solely on an alleged market for search advertising. No. 20-cv-08336-BLF, ECF 1-1, ¶ 89 ("Kober Compl."). He alleges that various agreements between Google and third parties resulted in monopolies in online search, which thereby resulted in a monopoly in search advertising. *Id.* ¶¶ 5, 8. He further cites certain acquisitions in support of his claims. *Id.* ¶¶ 83–84. These allegations are distinct from those in the *Google Play Consumer Antitrust Litigation*.

Although his Complaint claims injury relating to search advertising, *id.* ¶¶ 89–91, Mr. Kober seeks to represent a class of persons who made purchases through the Google Play Store or the "Google App Store." *Id.* ¶ 94.[3] He does not, however, claim to have ever made any particular purchase from the Google Play Store, nor does he plead any conduct concerning the Google Play Store, which is mentioned only in passing in the body of his Complaint. *Id.* ¶ 27. Thus, while his putative class definition includes persons who made payments through the Google Play Store, his Complaint does not anywhere describe any link between the inclusion of such payments in the class definition and the alleged conduct described in his Complaint.

## ARGUMENT

Local Rule 3-12(a) permits relation "when (1) [t]he actions concern substantially the same parties, property, transaction or event; and (2) [i]t appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different judges." A party seeking to relate cases pursuant to this rule must establish that both criteria are met. L.R. 3-12(a), (d). Mr. Kober fails to establish either one.

### I.   ***Kober*** and the ***Google Play Consumer Antitrust Litigation*** Do Not Concern Substantially the Same Parties, Property, Transaction or Event.

Mr. Kober's bare assertion that these cases involve "substantially the same subject matter" (Mot. to Relate at 2) is unsubstantiated by any citation to the respective complaints. In fact, there are several distinctions between the two litigations that prevent the Motion to Relate from getting anywhere near the "substantial" similarity test of Rule 3-12(a)(1).

---

[3] There is no separate "Google App Store" different from the Google Play Store.

1    ***Different markets.***  *Kober* concerns alleged conduct in the alleged "United States search

2    advertising market."  Kober Compl. ¶¶ 92, 116.  The *Google Play Consumer Antitrust Litigation*

3    plaintiffs, by contrast, allege conduct in alleged markets for app distribution, in-app payment

4    processing, mobile devices and accompanying operating system platforms, and licensable mobile

5    operating system platforms.  Carr Am. Compl. ¶ 29.

6    ***Different alleged anticompetitive conduct.***  Plaintiffs in the *Google Play Consumer*

7    *Antitrust Litigation* focus their allegations on Google's conduct with respect to app developers.

8    Carr Am. Compl. ¶¶ 74, 82, 105, 117, 122.  Mr. Kober's complaint, by contrast, concerns

9    Google's conduct with respect to its distribution of Google search vis-à-vis device

10   manufacturers, carriers, and web browser providers.  Kober Compl. ¶¶ 66–81, 82–86.  App

11   developers for the Google Play Store go entirely unmentioned in Mr. Kober's Complaint.

12   ***Different theories of anticompetitive harm.***  The *Google Play Consumer Antitrust*

13   *Litigation* plaintiffs allege an overcharge on app and in-app purchases as a result of alleged

14   conduct surrounding the Google Play Store.  Carr Am. Compl. ¶¶ 123–25.  Mr. Kober's

15   allegations of antitrust injury do not concern the Google Play Store at all.  Instead, his theory of

16   antitrust injury pertains solely to search advertising.  Kober Compl. ¶¶ 89–90.

17                              *        *        *

18   Mr. Kober insists that his complaint, too, "challenge[s] Google's conduct with regard to

19   the Google Play Store."  Mot. to Relate at 2.  Saying it does not make it so.  There are no such

20   allegations in Mr. Kober's Complaint, and certainly none that meet the standard for relating his

21   case to another set of cases that are focused on such alleged conduct.

22   Despite the material differences between the allegations, markets, and theories of harm,

23   Mr. Kober argues that both cases "allege[] that Google engaged in unlawful monopolization and

24   restraints of trade in violation of federal antitrust law."  *Id.*  Casting the overlap between the

25   cases at so high a level of generality is meaningless for purposes of relation under Rule 3-12, and

26   here it is not even accurate.  While the *Google Play Consumer Antitrust Litigation* plaintiffs

27

28

1    proceed for several of their claims under federal antitrust law, Mr. Kober does not; he proceeds

2    exclusively under California law.  *Compare* Carr Am. Compl. ¶¶ 134-–82 *with* Kober ¶¶ 113–37.

3        Ultimately, there is nothing approaching the substantial similarity that is required by Rule

4    3-12(a)(1), and Mr. Kober's conclusory assertions fail as a matter of law.  *See, e.g.*, *Tecson v.*

5    *Lyft*, 2019 WL1903263, *3 (N.D. Cal. Apr. 29, 2019) (although two cases against same

6    defendant under same statute "concern[ed] . . . text messages sent without recipients' consent,"

7    and thus posed "common questions of law and fact," "th[o]se parallels d[id] not suffice to meet

8    the substantial similarity threshold"); *ASUS Computer Int'l v. Interdigital, Inc.*, 2015 WL

9    13783764, at *1 (N.D. Cal. June 15, 2015) (despite common defendant and "'nearly identical'

10   licensing agreements," "the cases ultimately involve[d] different parties, different licensing

11   agreements, and different claims"); *Hill v. Goodfellow Top Grade*, 2019 WL 2716487, at *1

12   (N.D. Cal. June 28, 2019) (denying relation of two employment discrimination cases against the

13   same defendant, with overlapping periods of employment, concerning "overlapping events and

14   witness," because the cases nevertheless "concern[ed] largely different events"); *Ortiz v. CVS*

15   *Caremark Corporation*, 2013 WL 12175002, at *1 (N.D. Cal. Oct. 15, 2013) ("[T]he limited

16   overlap of some class members is not enough to reach the 'substantial similarity' threshold.")

17       **II.     Relation Would Not Create Any Efficiencies.**

18       Mr. Kober makes no attempt to justify his assertions that the plaintiffs in these cases "will

19   likely seek the same or similar discovery" or that Google "likely will proffer common . . .

20   defenses and expert witnesses in each of the cases."  Mot. to Relate at 2.

21       Even a cursory examination of the complaints reveals a multitude of case-specific factual

22   issues and demonstrates that there would be no efficiency gained from relating the two cases.  In

23   the *Google Play Consumer Antitrust Litigation*, for example, plaintiffs' discovery is expected to

24   focus on Google Play Store's app distribution and billing policies, and any related effects on

25   competition for the distribution of third-party apps through Google Play and alternative avenues

26   of distribution.  By contrast, in Mr. Kober's action, any discovery would focus instead on

27   Google's alleged agreements with manufacturers, carriers, and web browser providers and the

28

1  alleged effects of those agreements on competition for search advertising.  There is no material

2  overlap here; certainly, the Motion to Relate does not identify any.

3  Whatever minimal commonalities might exist between the two litigations, they do not

4  come near the standard set for relation to conserve judicial resources under Rule 3-12(a)(2).

5  Divergent discovery needs often bar relation even when the central legal question of the cases is

6  identical—which is not the case here, given that different conduct, different alleged relevant

7  markets, and different theories of harm are involved.  *See, e.g.*, *Sorensen v. Lexar Media, Inc.*,

8  2008 WL 11344635, at *1 (N.D. Cal. July 25, 2008) (despite same patent at issue in two cases,

9  "[p]resumably the production processes for [the two accused infringing items] are significantly

10  dissimilar, and the Court would have to engage in substantially different infringement analysis in

11  each case"); *ESS Technology, Inc. v. PC-Tel, Inc.*, 2001 WL 1891713, at *3 (N.D. Cal. Nov. 28,

12  2001) ("although the three cases all share a common issue regarding the reasonableness of a

13  license proposal, further examination of the pleadings in light of the relevant legal standard

14  shows that resolution of this issue is dependent of a multitude of case-specific facts and issues").

### CONCLUSION

16  The Motion to Relate should be denied.

18  DATED: December 14, 2020

19  By:  */s/ John E. Schmidtlein*
JOHN E. SCHMIDTLEIN, SBN 163520
20  JESSE T. SMALLWOOD (*pro hac vice*)
BENJAMIN M. GREENBLUM (*pro hac vice*)
21  WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
22  Washington, DC 20005
Telephone:  (202) 434-5000
23  Facsimile:  (202) 434-5029
Email:  jschmidtlein@wc.com
24  Email:  jsmallwood@wc.com
Email:  bgreenblum@wc.com

26  JUSTINA K. SESSIONS, SBN 270914
WILSON SONSINI GOODRICH & ROSATI
27  Professional Corporation
One Market Plaza
28  Spear Tower, Suite 3300
San Francisco, CA 94105-1126

Telephone:  (415) 947-2000
Facsimile:  (415) 947-2099
Email:  jsessions@wsgr.com

*Attorneys for Defendants*
*Google LLC and Alphabet Inc. in* Kober v.
Google, LLC et al., *20-cv-08336-BLF*