UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

IN RE GOOGLE PLAY CONSUMER ANTITRUST LITIGATION

Case No. 3:20-cv-05761-JD

**ORDER RE INTERIM CLASS COUNSEL**

As discussed at the hearing on December 15, 2020, and pursuant to Federal Rule of Civil Procedure 23(g)(3), the Court appoints Hae Sung Nam and Karma Giulianelli as co-lead Interim Class Counsel for the consolidated consumer case. While the factors in Rule 23(g)(1) are not, strictly speaking, applicable to interim counsel, they provide a useful framework to evaluate appointments. The materials provided to the Court, and the discussion at the hearing, indicate that Interim Class Counsel have performed substantial work on behalf of the putative consumer class, and have the knowledge, experience, and resources necessary to effectively represent the putative class.

For similar reasons, the Court appoints Elizabeth Pritzker as Liaison Counsel. Nanci Nishimura, Peggy Wedgworth, and George Zelcs are appointed as members of the Steering Committee, which includes the Interim Class Counsel and Liaison Counsel.

**AUTHORITY AND RESPONSIBILITIES**

1.  Interim Class Counsel have full authority to conduct all pretrial and trial work, including settlement discussions; provided, however, that no co-lead counsel may initiate or engage in settlement discussions without the other co-lead's consent. Interim Class Counsel have the final word on and responsibility for all common discovery issues, service of pleadings and

filings, stipulations, briefs and arguments, court hearings and appearances, communications with opposing counsel and the Court, expert retention and reports, trial and appeals arising in the course of litigation before this Court (e.g., class certification decisions), as well as work assignments, billing records and fee issues, and overall case strategy, scheduling, and management for the putative consumer class.  Opposing counsel may rely on the conduct and representations of Interim Class Counsel for any issue in the litigation.

2. Interim Class Counsel have full authority over, and responsibility for: (1) assigning work to other plaintiffs' counsel, as may be appropriate and in the putative class's best interest; (2) implementing time and expense record-keeping policies that comply with the guidelines stated in the consolidation order, Dkt. No. 78; (3) collecting time and expense reports from all plaintiffs' counsel on a monthly basis; (4) acting as the treasurer for any litigation fund assessments and expenses; and (5) otherwise ensuring that plaintiffs' counsel not perform common benefit work, bill for unnecessary read and review time, or attend hearings, depositions, or other events without Interim Class Counsel's authorization.

3. Liaison Counsel is responsible for: (1) receiving and distributing to plaintiffs' counsel in all actions that have been, or will be, related or consolidated all discovery and other documents that are not subject to ECF filing; (2) maintaining a database that contains all written materials produced during discovery and deposition transcripts; and (3) providing other assistance as determined by the Interim Class Counsel.

4. The Steering Committee will periodically consult with Interim Lead Counsel and Liaison Counsel on pretrial activities, trial, and any other issues Interim Lead Counsel designate.

## FEES, COSTS, AND EXPENSES

5. Interim Class Counsel will be vigilant in ensuring the efficient and economical prosecution of this matter.  A request for an award of fees and costs may be based only on records that were prepared as the fees and costs were incurred.  A prolonged forensic accounting exercise or a mini-trial on fees and costs are to be avoided.  To that end, Interim Class Counsel will ensure that the following practices are adhered to by all attorneys and other timekeepers who perform work on behalf of the putative class:

a. At the close of each calendar month, Interim Class Counsel will make sure that all time has been entered by all timekeepers in final form. By 14 days after each month's end, Interim Class Counsel will ensure that a bill for the prior month is finalized, reflecting lead counsel's review of the billing records and any write-downs or write-offs by Interim Class Counsel for inefficiencies, duplication of effort, misjudgments in staffing, and the like. These final bills for each month will be segregated and kept by Interim Class Counsel, and may not be altered. Only these records, prepared contemporaneously with the expenditures, may be used for a fees and costs motion.

b. Time will be recorded in one-tenths of an hour.

c. Block-billing time records are not permitted. Timekeepers must itemize the time expended on specific tasks in sufficient detail to ascertain whether the amount of time spent performing those tasks was reasonable.

d. Interim Class Counsel are free to make staffing decisions as they deem appropriate, with the understanding that the Court will not permit fees to be recovered for multiple attorneys performing duplicative work. For example, barring an unusual circumstance, no more than two lawyers should bill for attendance at depositions. Interim Class Counsel will also ensure that an attorney's fees request will not include bills for every attorney from every firm to review each discovery request and response, motion, letter, e-mail, etc. in the case. While each attorney should stay informed about the litigation, only the attorneys designated by Interim Class Counsel to review or summarize pleadings, orders and communications are working for the common benefit of the putative class, and only their time will be considered for possible payment at the conclusion of this case.

e. Domestic air travel of less than six hours should be billed at coach class rates regardless of the class flown. Travel exceeding six hours of flight time may be booked in business class. In all cases, flights should be booked at the lowest available fare.

f. When overnight travel is necessary, counsel should be mindful in selecting reasonable hotel accommodations and restaurants. Per diem expenses for travel days should not exceed $125 per person exclusive of lodging and transportation.

3

1   Interim Class Counsel understand that a failure to adhere to these guidelines and the
2   consolidation order -- and the spirit animating them -- will result in the exclusion of the fee or cost
3   request.

**IT IS SO ORDERED.**

Dated:  December 16, 2020

JAMES DONATO
United States District Judge